**Affirmed and Opinion filed August 20, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00152-CR

---

## DAVID  DEAN  HARRIS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 1340544**

---

### O P I N I O N

Appellant David Dean Harris appeals his conviction for aggravated sexual assault of a child. The jury found appellant guilty and assessed his punishment at fifty years in prison. In three issues, appellant asserts that (1) Article 38.37, Section 2 of the Texas Code of Criminal Procedure is unconstitutional; (2) the trial court erred by permitting three witnesses to testify on extraneous offense evidence; and (3) the trial court erred by denying his request for a hearing on his motion for new trial. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In January 2014, appellant was tried for the first degree felony offense of

aggravated sexual assault of a child. Prior to trial, the State provided appellant with notice of its intention to use evidence of prior extraneous offenses pursuant to Article 38.37 of the Texas Code of Criminal Procedure. Article 38.37, Section 2 provides that notwithstanding Texas Rules of Evidence 404 and 405, evidence that the defendant has committed a separate sexual offense may be admitted in the trial of certain alleged sexual offenses for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant. Tex. Code Crim. Proc. art. 38.37, § 2(b). When Article 38.37, Section 2 is invoked, the trial court must conduct a hearing outside the presence of the jury to "determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt." *Id*. § 2−a.

Before the guilt-innocence phase of trial began, the trial court conducted a hearing in which five witnesses testified as to extraneous incidents that occurred between them and appellant. After each witness testified, the trial court ruled on whether the witness could testify at the guilt-innocence phase of trial. The trial court found that the testimony of three witnesses was adequate to support a finding by the jury that appellant committed the offenses beyond a reasonable doubt and allowed them to testify. The trial court excluded testimony from the other two witnesses. The three witnesses testified about the extraneous offenses during the guilt-innocence phase.

The jury found appellant guilty of aggravated sexual assault of a child. The jury assessed punishment at fifty years in prison. Appellant moved for a new trial, which the trial court denied.

## ISSUES AND ANALYSIS

In three issues, appellant contends that (1) Article 38.37, Section 2 of the Texas Code of Criminal Procedure is unconstitutional because it violates the due process

guarantees of the United States Constitution, the Texas Constitution, and the Texas Code of Criminal Procedure; (2) the trial court abused its discretion by allowing three witnesses to testify as to extraneous offense evidence; and (3) the trial court abused its discretion by denying appellant's request for a hearing on his motion for new trial.

## I.       Constitutionality of Article 38.37, Section 2

In his first issue, appellant asserts that Article 38.37, Section 2 of the Texas Code of Criminal Procedure is unconstitutional because it violates the due process guarantees of the United States Constitution, Texas Constitution,[1] and Texas Code of Criminal Procedure. Appellant argues that the statute renders the trial so fundamentally unfair that it denies an accused citizen a fair and impartial trial.

We review the constitutionality of a statute in light of the presumption of the statute's validity. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978); *Morris v. State*, 833 S.W.2d 624, 627 (Tex. App—Houston [14th Dist.] 1992, pet. ref'd). We must presume that the Legislature did not act unreasonably or arbitrarily in enacting the statute. *Ex parte Granviel*, 561 S.W.2d at 511. Appellant has the burden to establish that the statute is unconstitutional. *Id*.

The Fifth Amendment to the United States Constitution provides that no person shall be deprived of life, liberty, or property, without due process of law. U.S. Const.

---

[1] Although appellant asserts that Section 2(b) of Article 38.37 violates the due process guarantees of the Texas Constitution, he concedes in his brief that "the State's due course of law provision provides the same protections as the federal Due Process Clause" and that the "two clauses are nearly identical and contain no meaningful distinctions in their respective clauses." Because appellant has failed to show why the state constitution offers greater due process protection than the federal constitution, appellant has waived his state constitutional due process claim. *Muniz v. State*, 851 S.W.2d 238, 251 (Tex. Crim. App. 1993) (declining to address defendant's Texas constitutional claims because he "proffered no argument or authority concerning the protection provided by the Texas Constitution or how that protection differs from the protection provided by the United States Constitution"); *Varnes v. State*, 63 S.W.3d 824, 829 (Tex. App.—Houston [14th Dist.] 2001, no pet.) ("Because [appellant] has not separately briefed his state and federal constitutional claims, we assume that he claims no greater protection under the state constitution than that provided by the federal constitution.").

amend. V. The Due Process Clause requires that the State prove, beyond a reasonable doubt, every element of the crime charged. *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 316 (1979)). Generally, an accused must be tried only for the offense with which he is charged and may not be tried for a collateral crime or being a criminal generally. *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). The essential guarantee of the Due Process Clause is that the government may not imprison or otherwise physically restrain a person except in accordance with fair procedures. *Long v. State*, 742 S.W.2d 302, 320 (Tex. Crim. App. 1987), *overruled on other grounds*, *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990).

Section 2(b) of Article 38.37 applies to criminal prosecutions for offenses under certain Penal Code sections[2] and provides that:

> Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2−a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2) may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

Tex. Code Crim. Proc. art. 38.37, § 2(b).

### A. Appellant Preserved His Constitutional Complaint for Review

The State contends that appellant failed to preserve his constitutional complaint for review and thus has waived this argument on appeal. The State argues that appellant

---

[2] This section applies only to the trial of a defendant for: (1) an offense of the following provisions of the Penal Code: (A) Section 20A.02, if punishable as a felony of the first degree under Section 20A.02(b)(1) (Sex Trafficking of a Child); (B) Section 21.02 (Continuous Sexual Abuse of Young Child or Children); (C) Section 21.11 (Indecency With a Child); (D) Section 22.011(a)(2) (Sexual Assault of a Child); (E) Sections 22.021(a)(1)(B) and (2) (Aggravated Sexual Assault of a Child); (F) Section 33.021 (Online Solicitation of a Minor); (G) Section 43.25 (Sexual Performance by a Child); (H) Section 43.26 (Possession or Promotion of Child Pornography), Penal Code; or (2) an attempt or conspiracy to commit an offense described by Subdivision (1). Tex. Code Crim. Proc. art. 38.37, § 2(a).

objected to the hearing itself, not the constitutionality of the statute on substantive due process grounds.

To preserve a complaint for appellate review, the complaining party must make a timely objection to the trial court that states the grounds with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds are apparent from the context. Tex. R. App. P. 33.1(a)(1). The complaining party must let the trial judge know what he wants and why he thinks he is entitled to it, and do so clearly enough for the judge to understand and at a time when the trial court is in a position to do something about it. *Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014). Although we are not hyper-technical in examination of whether error was preserved, the error on appeal must comport with the objection made at trial. *Id*.

At the beginning of the hearing conducted pursuant to Section 2−a of the Texas Code of Criminal Procedure and before any witness testified, defense counsel stated the following objection:

> At this time for record purposes the Defense would like to lodge an objection to the hearing under the due process clause of the Fifth and Fourteenth Amendment to the U.S. Constitution, Article I, Section 19 of the Texas Constitution, and Article I, Section 1.04 of the Texas Code of Criminal Procedure.

The trial court overruled the objection. Defense counsel then requested a running objection for purposes of the hearing, which the trial court granted.

The State argues that appellant stated an objection only "to the hearing," rather than making a constitutional challenge to the statute. We disagree.

Although appellant stated that he was objecting to "the hearing under the due process clause," it is apparent from the context of the objection that defense counsel was objecting to the unconstitutionality of the statute. This is also apparent from the guilt-innocence phase of trial, in which defense counsel reiterated the same constitutional

5

objection. At the beginning of the guilt-innocence phase of trial, defense counsel again requested to have his running objections regarding the extraneous offenses, which the trial court granted. Specifically, defense counsel stated "[m]ay I continue to have my running objections to this sort of extraneous offense in the main part of the trial just as I did during the extraneous hearing?" When viewing the context of the objections at both the hearing and guilt-innocence phase of trial, it appears that appellant objected to the constitutionality of the statute with sufficient specificity.

Because appellant raised a timely and specific objection as to the constitutionality of the statute, appellant has preserved this error for review.

**B. Appellant Has Failed to Show That Section 2 of Article 38.37 is Unconstitutional**

Appellant contends that Article 38.37, Section 2(b) is unconstitutional because it renders an accused's trial so fundamentally unfair that he will no longer enjoy the presumption of innocence. Appellant asserts that allowing the extraneous offense evidence violates the Due Process Clause because it (1) lessens his presumption of innocence; (2) violates the general prohibition against admitting evidence of extraneous offenses; (3) does not require a link between the extraneous offenses and the charged offense; (4) allows evidence from a witness other than the complainant; (5) does not provide a limit on the amount of extraneous offenses that may be introduced; (6) does not limit how the jury can use the extraneous offense; and (7) allows jurors to convict the defendant because he is a bad person.

In enacting Section 2(b) of the Texas Code of Criminal Procedure, the Legislature recognized that the rule would "bring the Texas Rules of Evidence closer to the Federal Rules of Evidence, specifically Federal Rule 413(a), which allows evidence of previous sexual assault cases to be admitted at trial." Senate Comm. on Criminal Justice, Bill Analysis, Tex. S.B. 12, 83d Leg., R.S. (2013); *see also* Fed. R. Evid. 413(a) ("In a criminal case in which a defendant is accused of a sexual assault, the court may admit

6

evidence that the defendant committed any other sexual assault."). Federal courts have determined that Rule 413 does not violate the Due Process Clause because it does not implicate a fundamental right. *See United States v. Mound*, 149 F.3d 799, 801 (8th Cir. 1998) (providing that Rule 413 does not violate Due Process Clause because "it was within Congress's power to create exceptions to the longstanding practice of excluding prior-bad-acts evidence"); *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998) ("Considering the safeguards of Rule 403, we conclude that Rule 413 is not unconstitutional on its face as a violation of the Due Process Clause."). The federal courts emphasized "[t]hat the practice [of excluding prior bad acts evidence] is ancient does not mean it is embodied in the Constitution." *Mound*, 149 F.3d at 801 (quoting *Enjady*, 134 F.3d at 1432). Appellant has failed to cite to any controlling authority providing that he has a fundamental right to a trial free from the introduction of extraneous offense evidence.

Although the general rule provides that evidence of extraneous offenses may not be used against the accused in a criminal trial, the Legislature has chosen to make specific and limited exceptions to this prohibition. *Daggett v. State*, 187 S.W.3d 444, 450−51 (Tex. Crim. App. 2005). For example, "Rule 404(b) sets out an illustrative, not exhaustive, list of exceptions to the prohibition against admitting evidence of extraneous offenses including 'proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" *Id*. at 451 n.13. Section 1 of Article 38.37 also provides an exception to the general rule by allowing "evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense" for its bearing on relevant matters, including the state of mind of the defendant and the child and the previous and subsequent relationship between the defendant and the child. Tex. Code Crim. Proc. art. 38.37, § 1(b). This exception has been held to be constitutional by several Texas courts of appeals. *See Martin v. State*, 176 S.W.3d 887, 902 (Tex. App.—Fort Worth 2005, no pet.) (holding that Article

7

38.37, Section 1 did not deny appellant constitutional right to due process); *Brantley v. State*, 48 S.W.3d 318, 329−30 (Tex. App.—Waco 2001, pet. ref'd) (rejecting appellant's argument that article 38.37 was unconstitutional "because it permits a blanket introduction of propensity evidence"); *Jenkins v. State*, 993 S.W.2d 133, 136 (Tex. App.—Tyler 1999, pet. ref'd) (holding appellant was not denied fair trial guaranteed by Due Process Clause by admission of evidence of extraneous bad acts).

It is clear that the Legislature chose to carve out another exception to the prohibition on evidence of extraneous offenses when it enacted Article 38.37, Section 2 of the Texas Code of Criminal Procedure. The statute recognizes that evidence of this type is, by definition, propensity or character evidence and that it is admissible notwithstanding those characteristics. *Bradshaw v. State*, —— S.W.3d ——, No. 06-14-00165-CR, 2015 WL 2091376, at \*7 (Tex. App.—Texarkana May 5, 2015, pet. filed). The legislative history behind Section 2(b) reflects that it was enacted to "give prosecutors additional resources to prosecute sex crimes committed against children" due to the "nature of these heinous crimes and the importance of protecting children from sexual predators." Senate Comm. on Criminal Justice, Bill Analysis, Tex. S.B. 12, 83d Leg. R.S. (2013). The Legislature acknowledged that:

> Prosecuting sex crimes committed against children can be difficult due to the physical and emotional trauma suffered by the victims. This can result in long delays in reporting these crimes during which physical evidence can deteriorate or be destroyed. Often the only evidence at a trial may be the testimony of the traumatized child. Children often are targeted for these crimes, in part because they tend to make poor witnesses.

*Id*. The Court of Criminal Appeals has also recognized that "[s]exual assault cases are frequently 'he said, she said' trials in which the jury must reach a unanimous verdict based solely upon two diametrically different versions of an event, unaided by any physical, scientific, or other corroborative evidence." *Hammer v. State*, 296 S.W.3d 555, 561−62 (Tex. Crim. App. 2009). "The special circumstances surrounding the sexual

assault of a child victim outweigh normal concerns associated with evidence of extraneous acts." *Jenkins*, 993 S.W.2d at 136.

Appellant's right to a fair trial is protected by the numerous procedural safeguards provided in the statute. Before the evidence may be introduced, the trial judge must determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt and conduct a hearing outside the presence of the jury for that purpose. Tex. Code Crim. Proc. art. 38.37, § 2−a(1), (2). Defense counsel has the right to challenge any witness's testimony by cross-examination at the hearing. Further, the State must give the defendant notice of its intent to introduce this evidence in its case-in-chief not later than the thirtieth day before the date of the defendant's trial. *Id*. § 3.

The statute does not lessen appellant's presumption of innocence. The statute does not alter the State's burden of proof because the State is still required to prove every element of the charged offense beyond a reasonable doubt. The trial court charged the jury on appellant's presumption of innocence and the State's burden of proof by stating the following:

> All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt.
>
> …
>
> The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.

Article 38.37, Section 2 does not "impermissibly lessen the State's burden of proof in this case."[3] *Jenkins*, 993 S.W.2d at 136. The State was required to prove every element

---

[3] We recognize that *Jenkins* addressed the constitutionality of Article 38.37 prior to its amendment in 2013. *See Jenkins*, 993 S.W.2d at 136. However, like the previous version of the statute, Section 2(b) does not alter the State's burden of proof. *See* Tex. Code Crim. Proc. art. 38.37, § 2(b).

of the offense beyond a reasonable doubt. *Id*.

The trial court also charged the jury with the following instruction regarding its ability to consider the extraneous offenses:

> You are further instructed that if there is any evidence before you concerning alleged offenses against a child under seventeen years of age, other than the complainant alleged in the indictment, such offense or offenses, if any, may only be considered if you believe beyond a reasonable doubt that the defendant committed such other offense or offenses, if any, then you may consider said evidence for bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

In addition to including this instruction in the charge, the trial court went one step further to admonish the jury with this instruction before each witness testified about extraneous offense evidence at trial. "Although [Article 38.37] may allow evidence that assists the State in proving its case beyond a reasonable doubt, we find no constitutional impediment to the statute." *Id*.

We conclude that Section 2 of Article 38.37 of the Texas Code of Criminal Procedure is constitutional and does not violate appellant's constitutional right to due process.

We overrule appellant's first issue.

## II.     Admission of Extraneous Offense Evidence

In his second issue, appellant asserts that the trial court abused its discretion by permitting the three witnesses to testify about extraneous offenses that occurred between them and appellant. Appellant argues that the trial court failed to conduct the necessary balancing test under Rule 403 and that even if it conducted the test, the prejudicial effect of the extraneous offense evidence substantially outweighed any probative value. In response, the State argues that appellant failed to preserve error on this ground at trial.

Before the hearing, appellant's defense counsel objected to the witnesses'

10

testimony regarding the extraneous offenses, arguing that it violated the United States Constitution, the Texas Constitution, and the Texas Code of Criminal Procedure. Defense counsel renewed this objection prior to the three witnesses testifying at trial. Appellant never, however, objected to the extraneous offense evidence as unfairly prejudicial under Rule 403. Although appellant did object to one witness's testimony at the hearing as unfairly prejudicial under Rule 403, this witness did not testify during the guilt-innocence stage of trial.

The point of error on appeal must correspond or comport with the objection made at trial. *Bekendam*, 441 S.W.3d at 300. Where a trial objection does not comport with the issue raised on appeal, appellant has preserved nothing for review. *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999); Tex. R. App. P. 33.1. Because appellant did not object to any of the three witnesses' testimony under Rule 403, appellant has failed to preserve this issue for appellate review.

We overrule appellant's second issue.

### III. Motion for New Trial

In his third issue, appellant argues that the trial court abused its discretion by denying his motion for new trial alleging ineffective assistance of counsel without first holding an evidentiary hearing.

We review the trial court's denial of a hearing on a motion for new trial for an abuse of discretion. *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). The purpose of a hearing on a motion for new trial is to (1) decide whether the case shall be retried; and (2) prepare a record for presenting issues on appeal in the event the motion is denied. *Id*. at 338. The right to a hearing on a motion for new trial is not absolute. *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005). A trial court may rule based on sworn pleadings and affidavits without oral testimony; live testimony is not required. *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006).

11

A hearing on a motion for new trial is required when the motion raises matters which are not determinable from the record and the defendant establishes the existence of reasonable grounds showing that he could be entitled to relief. *Smith*, 286 S.W.3d at 338−39. As a prerequisite to the hearing, the motion must be supported by an affidavit specifically setting out a sufficient factual basis for the claims made. *Id*. at 339. The affidavit need not establish a prima facie case, but it must at least contain facts showing reasonable grounds to believe that the defendant could prevail under both prongs of the test for ineffective assistance of counsel under *Strickland v. Washington*. *Id*. at 338 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

To obtain a new trial based on ineffective assistance of counsel, a defendant must establish that his counsel's performance (1) was deficient; and (2) prejudiced his defense. *Id*. at 340. To show deficiency, a defendant must prove by a preponderance of the evidence that counsel's representation fell below the standard of professional norms. *Id*. To establish prejudice, the defendant must show there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. Before a defendant is entitled to a hearing on his motion for new trial alleging ineffective assistance of counsel, a defendant must allege sufficient facts from which a trial court could reasonably conclude both that counsel failed to act as a reasonably competent attorney and that, but for counsel's failure, there is a reasonable likelihood that the outcome of his trial would have been different. *Id*.

Appellant attached an affidavit to his motion for new trial in which he alleged that his trial counsel was ineffective because he (1) failed to investigate appellant's ex-wife for possible motives and biases; (2) failed to call three witnesses for the defense at trial; (3) failed to investigate whether there was a lock on the bathroom door at appellant's home; and (4) failed to visit appellant in jail before and during trial. Appellant also attached affidavits from three other people. Sean James stated that he did not believe appellant sexually assaulted the complainant. Jessica James stated that she lived with

appellant and never saw any inappropriate behavior between appellant and the complainant. Charles Hill stated that one of the witnesses who testified as to extraneous offense evidence told him that nothing happened between her and appellant.

Pursuant to the trial court's order, appellant's trial counsel provided an affidavit. The affidavit consists of six pages in which counsel addresses, in detail, each of appellant's specific complaints regarding his representation.

Although appellant claimed that counsel rendered ineffective assistance by failing to investigate his ex-wife for possible motives and biases, counsel explained in his affidavit that his trial strategy was to portray the ex-wife "as a vindictive cheating spouse who emotionally and mentally manipulated and convinced her daughters and family friends to make false sexual assault allegations against [appellant] so that he would be effectively removed from their lives forever." In support of this strategy, counsel stated that appellant testified as to his ex-wife's possible motive and bias. At trial, appellant stated that he and his ex-wife divorced because she had an affair. He also stated that he believed the complainant and other witnesses were lying because his ex-wife told them to lie. Counsel stated that he cross-examined each of the State's witnesses as to bias and motive after speaking with appellant and reviewing information provided by a private investigator. Although appellant complains that his trial counsel should have investigated his ex-wife for the affair and getting the witnesses to lie, this information was provided by appellant's testimony at trial. The trial court could have reasonably concluded from the record that appellant acted as a competent attorney because he introduced evidence of the ex-wife's bias at trial.

Appellant also contends that counsel was ineffective because he failed to call Charles Hill, Jessica James, and Sean James as witnesses. First, the record reflects that counsel had Jessica James and Charles Hill both testify at trial. Thus the trial court could have reasonably concluded that counsel was not ineffective for failing to call two witnesses who did testify. Counsel admitted that Sean did not testify at trial because he

13

chose not to testify. Counsel believed that if Sean testified, the jury would have heard the basis of his knowledge of the state of affairs at appellant's household and his improper sexual relationship with a minor. Counsel opined that this could have subjected Sean to criminal penalties and that he would not have been an effective witness. Thus, counsel stated that he was relieved when Sean informed him that he could not testify at trial due to "work and transportation" difficulties.

Further, Sean's affidavit is conclusory and is not sufficient to put the trial court on notice that reasonable grounds for appellant's ineffective claim exist. James stated in his affidavit that he lived with appellant and knew the complainant. He stated that he did not think appellant committed the offense and that the case was about appellant's ex-wife trying to get him "gone for good." Affidavits which are conclusory in nature and unsupported by facts are not sufficient to put the trial court on notice that reasonable grounds for relief exist. *Smith v. State*, 286 S.W.3d at 339; *Buerger v. State*, 60 S.W.3d 358, 362 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

Counsel's affidavit also rebutted appellant's allegation that he failed to investigate whether the bathroom door had a lock. Counsel stated that he hired a private investigator who reviewed the issue. Counsel also pointed out that whether the bathroom door was locked did not relate to an element of the offense of aggravated sexual assault and that it was related to extraneous offense evidence. Further, the jury heard conflicting testimony from the witness and appellant as to whether there was a lock on the bathroom door. Appellant testified that there was a working lock on the door and another lock that was broken. Because counsel elicited evidence that there was a lock on the door, the trial court could have reasonably concluded counsel was not ineffective for an alleged failure to investigate the issue.

Counsel admitted that he only met with appellant in jail on one occasion, in which they reviewed the facts of the case and prepared for trial. Counsel stated that he communicated with appellant on four separate occasions with detailed letters in which

14

he responded to appellant's concerns. Counsel claimed that appellant never informed him of any unresolved trial issues and did not offer any new concerns or material for consideration. Appellant's affidavit on this issue is conclusory and does not state what further communication between him and his counsel would have revealed. Because appellant's statements were conclusory and he failed to state what more visits from his trial counsel would have revealed, the trial court could have reasonably concluded that appellant was not prejudiced. *See Jordan v. State*, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994) (providing that defendant's affidavit was deficient because it contained conclusory statements and defendant failed to state what further investigation by counsel would have revealed).

Further, because the trial judge who denied the motion for new trial presided over appellant's case, the court could have reasonably concluded that appellant's trial counsel was not deficient. The record reflects that appellant's trial counsel was familiar with relevant case law, made proper objections throughout trial, cross-examined witnesses, and called several witnesses for the defense. Based on the trial judge's familiarity with the case, the trial court could have reasonably concluded from the record that appellant did not render ineffective assistance of counsel by only visiting appellant in jail once. *See Holden*, 201 S.W.3d at 764.

Here, the affiants in this case were appellant, two witnesses who testified, appellant's relative, and appellant's trial counsel. Appellant, the two witnesses, and appellant's trial counsel all appeared before the trial judge in a trial that lasted several days. Appellant testified in his defense at trial. The trial judge had an opportunity to evaluate the credibility and demeanor of both appellant and his trial counsel throughout the course of the trial. Further, the court was familiar with the history and facts of the case.

The trial court could have reasonably concluded without conducting a hearing that appellant's affidavit did not establish the existence of reasonable grounds showing

that he could be entitled to relief. *See id.* (concluding that appellant was not entitled to a hearing on his motion for new trial because trial court could resolve conflicts in affidavits based on his familiarity with defendant's case); *see also Garza v. State*, 261 S.W.3d 361, 366 (Tex. App.—Austin 2008, pet. ref'd) ("A trial court has discretion to decide a motion for new trial based on affidavits alone, particularly where the affiants have already appeared in the trial court, so that 'the trial judge ha[s] already had an opportunity to evaluate the affiants' and is 'familiar with the history and the facts of the case.'"). The trial court's determination is entitled to deference on appeal. *See Holden*, 201 S.W.3d at 764. Based on the information before the trial court, together with the judge's prior knowledge of the parties and the case, the trial court did not abuse its discretion by ruling on appellant's motion for new trial without a hearing. *See id.*

We overrule appellant's third issue.

## CONCLUSION

We overrule appellant's issues and affirm the judgment of the trial court.

/s/    Ken Wise
        Justice

Panel consists of Justices Christopher, Donovan, and Wise.
Publish — TEX. R. APP. P. 47.2(b).