**Opinion issued May 23, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00174-CR

————————————

**BYRON RAY BARKER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Case No. 1463841**

---

## MEMORANDUM OPINION

A jury convicted appellant, Byron Ray Barker, of continuous sexual assault of a child and assessed punishment at 70 years' confinement. In three issues on appeal, appellant contends that (1) the evidence is legally insufficient; (2) article 38.37, section 2(b) of the Texas Code of Criminal Procedure, which allows the State

to introduce evidence showing that a defendant committed certain sexual offenses against children other than the named accused, is unconstitutional; and (3) the trial court abused its discretion in admitting evidence pursuant to article 38.37, section 2(b) because its probative value was substantially outweighed by the risk of undue prejudice.  We affirm.

## BACKGROUND

Mary, the complainant in this case, lived with appellant, who is her step-father, her mother, and her siblings: Tom, Jane, and Doe.[1] Tom and Jane are Mary's step-siblings, i.e., appellant is their father, and Doe is Mary's half-sister, i.e., appellant and Mary's mother are Doe's parents.

The three girls—Jane, Mary, and Doe—slept together in a bedroom across the hall from appellant and Mary's mother.  Tom slept on an air mattress in the hall.

Mary testified that, beginning when she was in first grade, appellant would come into the bedroom in the early morning hours and rub her legs, stomach area, hips, and along her panty line.  He soon progressed to rubbing her vagina with his hand while groaning.  Later, he began inserting his finger in her vagina, rubbing his penis on her vagina, and eventually penetrating her vagina with his penis.

The last sexual assault occurred in the early morning hours of February 15, 2015, when Mary was in the fourth grade.  On this occasion, appellant penetrated

---

[1]     All of the minor children are identified by an alias in this opinion.

Mary's vagina with his fingers. During the assault, Mary heard the bedroom door open. The next morning, Mary's mother asked her if "anything happened last night," and Mary disclosed the assaults to her mother after Tom had told Mary to tell because it was going to be okay. Until then, Mary, Jane, and Doe had a "pact" not to disclose the assasults because they were afraid to tell anyone for fear of hurting the rest of the family.

Tom testified that on about five occasions he saw appellant go into the girls' room at night. He testified that he awoke on those occasions because appellant would either step on or bump the air mattress he was sleeping on in the hall. Tom testified that he could see appellant go to Mary's bed and rub her back and "places I couldn't see."

Jane testified that she saw appellant stand on her bed to reach Mary, who was on the bunk above. She saw appellant "play" with Mary, but she could not see what appellant was actually doing.

Over objection, Jane was permitted to testify that appellant also abused her "many" times. As an example, Jane told of appellant touching her vagina while they were sitting on the couch under a blanket and watching a movie.

In contrast, Doe, the youngest girl, testified that she did not think she ever saw appellant in their room at night, and she did not think that she ever saw him do

3

anything inappropriate to Mary. Doe was upset with Mary for testifying against appellant.

## SUFFICIENCY OF THE EVIDENCE

In his third issue on appeal, appellant contends that the evidence is legally insufficient to support his conviction. Although raised as his third issue, we address this issue first because, if it is meritorious, we would render a judgment of acquittal rather than reverse and remand. *Owens v. State*, 135 S.W.3d 302, 305 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (legal sufficiency challenge must be addressed first because, if evidence is insufficient, reviewing court must render judgment of acquittal). Specifically, appellant argues that "the evidence . . . consisted of a bare allegation of sexual abuse" and that Mary's "credibility was improperly bolstered by the admission of extraneous-offense testimony from Jane."

### *Standard of Review*

In reviewing the legal sufficiency of the evidence to support a criminal conviction, a court of appeals determines whether, after viewing the evidence in the light most favorable to the verdict, the trier of fact was rationally justified in finding the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010).

4

As the exclusive judge of the facts, the jury may believe or disbelieve all or any part of a witness's testimony. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). We presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we defer to that resolution. *See Jackson*, 443 U.S. at 326. On appeal, we may not re-evaluate the weight and credibility of the record evidence and thereby substitute our own judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). In reviewing the evidence, circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Juries are permitted to make reasonable inferences from circumstantial evidence presented at trial. *Id.*

For evidence to be sufficient, the State need not disprove all reasonable alternative hypotheses that are inconsistent with a defendant's guilt. *Cantu v. State*, 395 S.W.3d 202, 207–08 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). Rather, a court considers only whether the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the jury's verdict. *Hooper*, 214 S.W.3d at 16.

It is well-settled that in conducting a sufficiency analysis, a reviewing court must consider all evidence the jury was rightly or wrongly permitted to consider. *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).

*Analysis*

Appellant points out that, "although Mary's brother and sister testified they, on occasion, observed appellant near Mary's bed during the night, Mary is the sole witness to the alleged sexual encounters, and there is no physical evidence, forensic evidence, or medical evidence to corroborate her allegations."

However, as appellant recognizes, a child sexual abuse victim's uncorroborated testimony is sufficient to support a conviction for indecency with a child. *See* TEX. CODE CRIM. PROC. art. 38.07; *Martinez v. State*, 178 S.W.3d 806, 814 (Tex. Crim. App. 2005) (noting that article 38.07 "deals with the sufficiency of evidence required to sustain a conviction for" certain sexual offenses) (emphasis in original). The State has no burden to produce any corroborating or physical evidence. *Martines v. State*, 371 S.W.3d 232, 240 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *see also Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.—Houston [1st Dist.] 2004) (holding that medical or physical evidence is not required to corroborate child victim's testimony), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). Likewise, a child victim's outcry statement alone can be sufficient to support a sexual abuse conviction. *See Tear v. State*, 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref'd).

Here, Mary's testimony established each element of the charged offense. *See* TEX. PENAL CODE § 22.021(a)(1)(B)), (a)(2)(B) (setting forth elements of

6

aggravated sexual assault of a child). She testified that, before second grade until after she entered fourth grade, appellant would enter her bedroom at night and touch and penetrate her vagina with his finger and penis. Although her testimony alone is sufficient, parts of it were corroborated by Tom and Jane, who both testified that they saw appellant enter Mary's room and approach her bed, even if they could not see exactly what happened between the two.

By pointing to the lack of medical, physical, and forensic evidence, appellant is essentially asking this Court to find that his own testimony regarding the events is more credible than Mary's testimony and to conduct a review of the factual sufficiency of the evidence. This we cannot do. *See Brooks*, 323 S.W.3d at 901 (overruling *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996), which had permitted factual-sufficiency appellate review in criminal cases).

After reviewing all of the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Accordingly, we overrule issue three.

## CONSTITUTIONALITY OF ARTICLE 38.37, SECTION 2(b)

In issue one, appellant contends that "the trial court abused its discretion in admitting extraneous offense evidence, pursuant to article 38.37, section 2 of the Texas Code of Criminal Procedure." Specifically, appellant argues that article 38.37, section 2(b) is unconstitutional because it "deprived [him] of his right to an impartial

7

jury, infringed on the presumption of innocence, and lowered the State's burden of proof."

***Standard of Review and Applicable Law***

We review a trial court's ruling on the admissibility of extraneous offense evidence for an abuse of discretion. *Buxton v. State*, 526 S.W.3d 666, 685 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd); *Wilson v. State*, 473 S.W.3d 889, 899 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (citing *De La Paz v. State*, 279 S.W.3d 336, 343–44 (Tex. Crim. App. 2009)). We will not reverse a trial court's ruling on an evidentiary matter unless the decision was "outside the zone of reasonable disagreement." *Buxton*, 526 S.W.3d at 685–86.

In determining the constitutionality of a statute, we presume that it is valid and that the Legislature did not act unreasonably or arbitrarily in enacting it. *Id.* at 686; *Harris v. State*, 475 S.W.3d 395, 399 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). The appellant bears the burden of establishing that the statute is unconstitutional. *Buxton*, 526 S.W.3d at 686.

Article 38.37, section 2, applicable to a trial for aggravated sexual assault of a child, provides:

> Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2-a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2) [including an offense of aggravated sexual assault of a child] may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of

8

the defendant and acts performed in conformity with the character of the defendant.

TEX. CODE CRIM. PROC. art. 38.37, § 2(b); *see also Belcher v. State*, 474 S.W.3d 840, 844 (Tex. App.—Tyler 2015, no pet.) (noting that section 2(b) allows admission of evidence that defendant has committed certain sexual offenses against nonvictims of charged offense). Section 2-a provides:

> Before evidence described by Section 2 may be introduced, the trial judge must:
>
> (1) determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt; and
>
> (2) conduct a hearing out of the presence of the jury for that purpose.

TEX. CODE CRIM. PROC. art. 38.37§ 2-a.

> The State must give the defendant notice of its intent to introduce article 38.37 evidence in its case-in-chief not later than the thirtieth day before trial.

*Id*. § 3.

*Analysis*

Several of the intermediate courts of appeals, including this Court, have addressed constitutional challenges to this statute and have uniformly found that section 2(b) is constitutional. *See*, *e.g.*, *Caston v. State*, 549 S.W.3d 601, 608 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *Buxton*, 526 S.W.3d at 686–89; *Bezerra v. State*, 485 S.W.3d 133, 139–40 (Tex. App.—Amarillo 2016, pet. ref'd);

9

*Robisheaux v. State*, 483 S.W.3d 205, 213 (Tex. App.—Austin 2016, pet. ref'd);

*Harris*, 475 S.W.3d at 403; *Belcher*, 474 S.W.3d at 847.

As we noted in *Buxton*:

> [S]ection 2(b) contains numerous procedural safeguards that protect a defendant's right to a fair trial, including requirements that the trial court determine at a hearing outside the presence of the jury that the evidence will be adequate to support a finding that the defendant committed the separate offense beyond a reasonable doubt, that the defense counsel has the right to cross-examine the witnesses at the hearing, and that the State provide notice of its intent to use such evidence in its case in chief at least thirty days before trial.

526 S.W.3d at 688 (citing *Harris*, 475 S.W.3d at 402). We concluded that section 2(b) does not lessen a defendant's presumption of innocence and does not alter the State's burden of proof, as the State is still required to prove every element of the charged offense beyond a reasonable doubt. *Id.* at 688–89; *see also Harris*, 475 S.W.3d at 402; *Baez v. State*, 486 S.W.3d 592, 600 (Tex. App.—San Antonio 2015, pet. ref'd) (holding that section 2(b) enlarges scope of admissible testimony but does not alter quantum of proof required to support conviction); *Bezerra*, 485 S.W.3d at 139–40 (following "well-reasoned opinion" in *Harris* and holding that section 2(b) does not violate defendant's due process rights); *Robisheaux*, 483 S.W.3d at 211–13 (following *Harris* and *Belcher* and holding section 2(b) is not facially unconstitutional); *Belcher*, 474 S.W.3d at 847 (noting, in holding that section 2(b) is constitutional, that statute is more narrowly drawn than its counterpart in federal rules).

The record also reflects that the procedural safeguards set out in sections 2-a and 3 of article 38.37 were followed in this case. Before trial, the State gave appellant notice of its intent to introduce, among other things, extraneous evidence of appellant's sexual assaults against Jane. *See* TEX. CODE CRIM. PROC. art. 38.37, § 3. During the trial, the court conducted a separate hearing outside the presence of the jury to determine the admissibility of Jane's extraneous-offense testimony, and it ruled that the evidence was adequate to support a finding by the jury that the defendant committed the extraneous offenses beyond a reasonable doubt. The trial court also overruled appellant's Rule 403[2] objections, ruling that the probative value of this evidence was not substantially outweighed by any prejudicial effect. Jane was also subject to cross-examination by trial counsel. *See id*. § 2-a.

Having previously determined that article 38.37 is constitutional, and because the law has not changed since that decision, we decline appellant's invitation to reconsider the issue in this case. Instead, we reaffirm this Court's holdings in *Caston* and *Buxton* that section 2(b) does not lessen the presumption of innocence or the State's burden of proof and, therefore, does not violate a defendant's due process rights. *See Caston*, 549 S.W.3d at 611; *Buxton*, 526 S.W.3d at 688–90. Accordingly, we overrule his first issue.

---

[2]     *See* TEX. R. EVID. 403.

# RULE 403 BALANCING TEST

In his second issue on appeal, appellant contends that the trial court erred in admitting the Article 38.37 extraneous-offense evidence because its probative value was substantially outweighed by the danger of unfair prejudice. *See* TEX. R. EVID. 403.

### *Standard of Review and Applicable Law*

Even if evidence is admissible under Article 38.37, the trial court must also consider whether Rule 403 precludes it. *Bezerra*, 485 S.W.3d at 140. Rule 403 states, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403. We will "reverse the trial court's judgment 'rarely and only after a clear abuse of discretion' because the trial court is in a superior position to gauge the impact of the relevant evidence." *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999).

When undertaking a Rule 403 analysis, we must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest a decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by

a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). These factors may well blend together in practice. *Id.*

*Analysis*

The probative force of Jane's testimony was considerable. Evidence that a defendant has sexually abused another child is relevant to whether the defendant sexually abused the child-complaint in the charged case. *Caston*, 549 S.W.3d at 612; *Robisheaux*, 483 S.W.3d at 220–21; *Gaytan v. State*, 331 S.W.3d 218, 228 (Tex. App.—Austin 2011, pet. ref'd) (holding that evidence that defendant had committed extraneous sexual offenses against two other children was "straightforward and directly relevant to the only issue in the case, namely whether [the defendant] abused [the complainant]"). Because evidence of prior sexual abuse of children is especially probative of a defendant's propensity to sexually assault children, the Rule 403 balancing test normally does not favor the exclusion of evidence of the defendant's prior sexual assaults of children. *Caston*, 549 S.W.3d at 612; *Alvarez v. State*, 491 S.W.3d 362, 371 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd).

Nevertheless, appellant argues that the probative value in this case was eliminated because the extraneous-offense evidence offered by Jane was "factually

dissimilar" to the charged offense. Specifically, appellant points out that Jane claims that she was digitally penetrated while sitting on the couch, while the complainant claims that appellant came into her bedroom and used not only his fingers, but also his penis. However, both children's recounting of the events was similar, in that the abuse began with appellant touching them inappropriately while at home. That the abuse escalated with the complainant does not decrease the probative value of Jane's similar evidence.

The State also needed evidence of the extraneous offense because, as appellant points out, there was no medical or physical evidence to corroborate Mary's charges. Appellant's primary defensive theory was that Mary fabricated the allegations of abuse. However, evidence that appellant also abused Jane rebuts appellant's defensive theory. *See Caston*, 549 S.W.3d at 612 (noting that, absent extraneous offense evidence, "the State's case would have basically come down to [the complainant's] word against appellant's").

While extraneous offenses, by their very nature, carry some risk that the extraneous offense will be given undue weight or suggest a decision on an improper basis, the issue is not whether the evidence was prejudicial, but whether it was unfairly prejudicial. *See Caston*, 549 S.W.3d at 613. Here, any prejudice caused by Jane's testimony was not unfairly prejudicial because her testimony "discussed actions that were no more serious than the allegations forming the basis of the

indictment." *Id.* Indeed, Jane alleged digital penetration only, while Mary testified about both digital penetration and penetration by appellant's penis.

Finally, Jane's testimony did not distract from the issues in the case, nor did it take an inordinate amount of time. The guilt/innocence phase of the trial consists of four volumes of testimony. Although Jane's testimony takes up approximately 90 pages, only 11 of those pages are about the extraneous offenses that appellant committed against her. The remainder of her testimony is about what she witnessed between appellant and Mary.

Considering all the relevant factors, we conclude that the trial court reasonably could have determined that the prejudicial effect of Jane's testimony did not substantially outweigh its probative value. We therefore hold that the trial court did not abuse its discretion in admitting the extraneous offense evidence offered by Jane.

We overrule issue two.

## CONCLUSION

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.

Do not publish. Tex. R. App. P. 47.2(b).

15