

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00095-CR

JUSTIN BLAINE SICARD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 402nd District Court
Wood County, Texas
Trial Court No. 24,990-2022

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

A Wood County jury convicted Justin Blaine Sicard of continuous sexual abuse of a young child. *See* TEX. PENAL CODE ANN. § 21.02(b) (Supp.). On appeal, Sicard argues that (1) the trial court improperly denied a request for an oral limiting instruction for an extraneous offense that qualified under Article 38.37 of the Texas Code of Criminal Procedure and (2) the State made an improper statement during closing argument. Because (1) an extraneous-offense limiting instruction is incompatible with Article 38.37 and (2) Sicard did not preserve the jury argument issue, we affirm the trial court's judgment.

## I.      Factual Background

The jury convicted Sicard of continuous sexual abuse of a young child, and the trial court assessed punishment of life in prison. B.T.[1] testified at trial when she was nineteen years old. B.T. testified that Sicard sexually abused her for three years starting when she was eight years old. Sicard was in his "[e]arly 20s." B.T. calculated that Sicard sexually assaulted her more than 100 times.

B.T. did not see or hear from Sicard until May 2020 or 2021 when Sicard sent her an Instagram message. His messages almost immediately were sexually explicit even though B.T. was only fifteen years old at the time she received them. They exchanged many messages, but most of the messages were Sicard either requesting to meet up for sex or reminiscing about the

---

[1]We use a pseudonym to refer to the child and describe witnesses and their relations in a manner to protect the identity of the child. *See* TEX. R. APP. P. 9.10(a)(3); *McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

prior acts of sexual abuse he committed against B.T.  Also, Sicard requested nude photos of B.T. several times.

## II.     The Trial Court Did Not Err by Denying Sicard's Request for an Oral Limiting Instruction

In his first point of error, Sicard argues that the trial court improperly denied his request for an extraneous-offense limiting instruction.

When the State offered the Instagram messages, Sicard objected that "the text messages related to extraneous offense, solicitation, or their plans on what they were going to do when they got together in the future" and requested a limiting instruction and a jury instruction.  The trial court denied the request for an oral instruction at the time the evidence was admitted.  B.T. then read the most probative messages to the jury.  Without any relevant discussion on the record at the charge conference, the jury charge included a general extraneous-offense instruction for "intent of the Defendant or a continuing course of conduct or behavior of the Defendant."

Generally, a defendant is entitled to an oral limiting instruction at the time an extraneous offense is admitted.  *Delgado v. State*, 235 S.W.3d 244, 253–54 (Tex. Crim. App. 2007).  However, Article 38.37 specifically addresses the applicability of Rule 404 when evidence meets the preliminary requirements of Article 38.37.[2]  TEX. CODE CRIM. PROC. ANN. art. 38.37 (Supp.); TEX. R. EVID. 404.  The relevant part of Section 1(b) of Article 38.37 states,

> (b)      Notwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is

---

[2]The Instagram messages sent to B.T. meet the elements of online solicitation, which is an enumerated offense under Section 1 of Article 38.37.  *See* TEX. PENAL CODE ANN. § 33.021(b), (c) (Supp.); TEX. CODE CRIM. PROC. ANN. art. 38.37, § 1.

the victim of the alleged offense shall be admitted for its bearing on relevant matters, including:

(1)      the state of mind of the defendant and the child; and

(2)      the previous and subsequent relationship between the defendant and the child.

TEX. CODE CRIM. PROC. ANN. art. 38.37, § 1(b). The introductory phrase under subsection (b) creates an exception to the Rule 404 prohibition on propensity evidence under limited circumstances expressed in Article 38.37. *See Harris v. State*, 475 S.W.3d 395, 402 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) ("The statute recognizes that evidence of this type is, by definition, propensity or character evidence and that it is admissible notwithstanding those characteristics."). The Legislature was clear that it intended for Article 38.37 evidence to apply with limited restrictions, if any, even though the evidence is character or propensity evidence that Rule 404 prohibits. *See Brantley v. State*, 48 S.W.3d 318, 322 (Tex. App.—Waco 2001, pet. ref'd) ("[W]hen interpreting article 38.37, section 2, we look to its plain meaning."); TEX. R. EVID. 404(b)(1).

The Fourteenth Court of Appeals addressed a request for a jury instruction on the same issue in *Bargas v. State*. *Bargas v. State*, 252 S.W.3d 876, 900–01 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd); *see* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b).[3] In *Bargas*, the appellant requested a jury instruction about the victim in the indictment because "the jury could have believed the other charged offense constituted an extraneous offense and have considered that against the appellant." *Bargas*, 252 S.W.3d at 900. The court held,

---

[3] The trial in *Bargas v. State* occurred in 2008 when the statutory section at issue was located in Section 2. *See* Act of May 24, 1995, 74th Leg., R.S., ch. 318, § 48, 1995 Tex. Gen. Laws 2734, 2748 (amended 2005, 2011, 2013, 2023) (current version at TEX. CODE CRIM. PROC. art. 38.37, § 1(b)).

> Because any extraneous-offense evidence involving [the victim] was relevant and admissible for the purposes listed under 38.37, an instruction limiting the jury's consideration of extraneous-offense evidence to only appellant's charged conduct with [the victim in the indictment] would have improperly restrained the jury from considering such evidence in violation of article 38.37.

*Id.* at 900–01.

We adopt the reasoning in *Bargas* and apply it to requests for oral limiting instructions for extraneous offenses. This reasoning is consistent with our sister courts. *See Garcia v. State*, No. 14-23-00185-CR, 2024 WL 3869765, at *4–5 (Tex. App.—Houston [14th Dist.] Aug. 20, 2024, no pet.) (mem. op., not designated for publication); *see also Gumtow v. State*, No. 03-18-00077-CR, 2019 WL 6869949, at *12 (Tex. App.—Austin Dec. 12, 2019, no pet.) (mem. op., not designated for publication); *Cathcart v. State*, No. 05-15-01176-CR, 2017 WL 34588, at *2 (Tex. App.—Dallas Jan. 4, 2017, pet. ref'd) (mem. op., not designated for publication).

Even though clearly character and propensity evidence, the Instagram messages propositioning B.T. were relevant to prove the prior sexual abuse, and Sicard's subsequent request for nude photos of B.T. show the nature of the prior and then-current relationship. The jury could properly consider the messages to prove Sicard's prior state of mind that he intended to commit the offense in the indictment. An oral limiting instruction for those extraneous offenses would have improperly restrained the jury from considering the full extent of the evidence. *Bargas*, 252 S.W.3d at 900–01.

Therefore, the trial court did not err in denying the request for an oral extraneous-offense limiting instruction. We overrule Sicard's first point of error.

5

**III.    Sicard Did Not Preserve the Jury-Argument Issue**

In his second point of error, Sicard argues that the State made an improper statement during jury argument.

During closing arguments at guilt/innocence, the State made the following argument: "If you acquit, what you're doing is you're telling that girl back there that she lied. She didn't." However, prior to closing argument, Sicard objected to the State making this improper jury argument because it would be misleading to the jury and would call for the jury "to disregard the instructions of the Court and make a determination in this case on something other than the law and the facts." Sicard also objected to a PowerPoint slide that purportedly contained the same language.[4] The trial court granted a running objection. However, at the end of the same exchange, Sicard specifically stated that he was not objecting to oral statements by the State during closing arguments. The trial court understood that Sicard was limiting his objection specifically to the content of the PowerPoint presentation. On appeal, Sicard argues only that the oral statement was an improper jury argument.

The State did not raise a preservation issue in its brief.[5] "Because preservation of error is a systemic requirement on appeal, a court of appeals should review preservation of error regardless of whether the issue was raised by the parties." *Bekendam v. State*, 441 S.W.3d 295, 299 (Tex. Crim. App. 2014). To preserve a complaint for review, a party must first present the

---

[4]Sicard told the trial court that the PowerPoint slide at issue contained substantially the same language as the above argument. Sicard filed the State's PowerPoint slides as a record exhibit. After a review of the exhibit, no slide contained the language complained about here. On appeal, Sicard admits in his brief that the slides in the record exhibit do not contain such language, and he does not argue this issue on appeal.

[5]The State raised the preservation issue during oral argument.

trial court with a timely objection stating the specific grounds for the desired ruling if not apparent from the context. TEX. R. APP. P. 33.1(a)(1). "The right to a trial untainted by improper jury argument is forfeitable." *Hernandez v. State*, 538 S.W.3d 619, 622 (Tex. Crim. App. 2018) (citing *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (plurality op.)). "Even an inflammatory jury argument is forfeited if the defendant does not pursue his objection to an adverse ruling." *Id.* at 622–23 (citing *Estrada v. State*, 313 S.W.3d 274, 303 (Tex. Crim. App. 2010).

Here, the complained-of jury argument was the same type of statement that Sicard specifically withdrew an objection to. Because Sicard's trial objection specifically excluded oral statements and his argument on appeal focuses solely on oral statements, he forfeited this issue. *See* TEX. R. APP. P. 33.1(a).

We overrule Sicard's second point of error.

## IV. Conclusion

We affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted:   January 29, 2025
Date Decided:    February 14, 2025

Do Not Publish

7