

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00149-CR

**EVERETT DALE WEBB,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 14-03111-CRF-85

## OPINION

In three issues, appellant, Everett Dale Webb, challenges his conviction for indecency with a child by contact. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West Supp. 2018). Specifically, Webb argues that the trial court abused its discretion by admitting extraneous-offense evidence of other sexual offenses in violation of Texas Rules of Evidence 403 and 404(b) and that the trial court's limiting instruction regarding the

extraneous-offense evidence was erroneous. *See* TEX. R. EVID. 403, 404(b). Because we overrule all of Webb's issues on appeal, we affirm.

## I. STANDARD OF REVIEW

We review a trial court's admission or exclusion of evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A trial court abuses its discretion if it acts arbitrarily or unreasonably, without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). When considering a trial court's decision to admit or exclude evidence, we will not reverse the trial court's ruling unless it falls outside the "zone of reasonable disagreement." *Id.* at 391; *see Manning v. State*, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003).

## II. TEXAS RULE OF EVIDENCE 404(b)

In his first issue, Webb contends that the trial court abused its discretion by admitting extraneous-offense evidence of two prior sexual offenses he committed. In particular, Webb argues that the evidence is inadmissible because the defense of fabrication was not at issue at the time the evidence was admitted, and because the extraneous offenses are too dissimilar to the offense in this case.

### A. Preservation of Error

At the outset, we will address the State's contention that Webb's complaint in this issue was not preserved. When the State moved to introduce extraneous-offense evidence pertaining to sexual-assault offenses allegedly committed by Webb against two

other victims, T.T. and C.H., Webb objected under Rule 404(b). *See* TEX. R. EVID. 404(b). Though Webb argued a Rule 404(b) notice objection, a fair reading of the record shows that Webb did alert the trial judge to his argument that Rule 404(b) prevented the admission of extraneous-offense evidence when Webb had not yet put into issue a defense of fabrication. Accordingly, we conclude that Webb preserved his complaint in this issue. *See* TEX. R. APP. P. 33.1(a)(1)(A) (noting that a complaint is preserved for appellate review if the record shows that appellant made the complaint to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the appellant sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context).

## B.    Applicable Law

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. TEX. R. EVID. 404(b). It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.* "The exceptions listed under Rule 404(b) are neither mutually exclusive nor collectively exhaustive." *De la Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). "'Rule 404(b) is a rule of inclusion rather than exclusion.'" *Id.* (quoting *United States v. Bowie*, 232 F.3d 923, 929, 344 U.S. App. D.C. 34 (D.C. Cir. 2000)). "The rule excludes only that evidence that is offered (or will be used) solely for the purpose of proving bad character and hence

conduct in conformity with that bad character." *Id.* (citing *Rankin v. State*, 974 S.W.2d 707, 709 (Tex. Crim. App. 1996)).

Rebuttal of a defensive theory is one of the permissible purposes for which extraneous-offense evidence may be admitted. *See Moses v. State*, 105 S.W.3d 622, 626 (Tex. Crim. App. 2003). Further, extraneous offenses are admissible to rebut theories raised by the testimony of a defense witness during direct examination or a State's witness during cross-examination. *See Daggett v. State*, 187 S.W.3d 444, 453-54 (Tex. Crim. App. 2005); *Ransom v. State*, 920 S.W.2d 288, 301 (Tex. Crim. App. 1996).

The State may present extraneous-offense evidence to rebut a defensive theory of fabrication. *See Bass v. State*, 270 S.W.3d 557, 563 (Tex. Crim. App. 2008). To be admissible for rebuttal of a fabrication defense, "'the extraneous misconduct must be at least similar to the charged one.'" *Newton v. State*, 301 S.W.3d 315, 317 (Tex. App.—Waco 2009, pet. ref'd) (op. on remand) (quoting *Wheeler v. State*, 67 S.W.3d 879, 887 n.22 (Tex. Crim. App. 2002)). The requisite degree of similarity is not exacting, and the extraneous conduct need only be sufficiently similar to the charged offense. *Dennis v. State*, 178 S.W.3d 172, 178 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd); *see Newton*, 301 S.W.3d at 317 ("Although some similarity is required, the requisite degree of similarity is not as exacting as necessary when extraneous-offense evidence is offered to prove identity by showing the defendants 'system' or *modus operandi*." (internal citations omitted)).

## C. Discussion

On appeal, Webb contends that he did not accuse the child victim, R.G., of fabricating her story through cross-examination, nor did he put fabrication at issue by an opening statement made prior to the admission of the extraneous-offense evidence. As such, Webb asserts that he did not open the door to the use of the extraneous-offense evidence to rebut such a defense.

During voir dire, Webb repeatedly asked a prospective juror about assumptions that children are telling the truth; the possibility of children changing their story when presented with information by law enforcement or by the passage of time; and the possibility of children lying about serious incidents. In fact, defense counsel used the term "lying" or "lie" eight times in the questioning of this particular prospective juror regarding allegations made by children.

Additionally, during cross-examination of R.G., defense counsel asked a series of questions designed to suggest that R.G. was lying or changed her story regarding various facts pertaining to the incident. Specifically, defense counsel highlighted differences between R.G.'s testimony and statements made to law enforcement regarding clothing that was allegedly ripped during the incident, what body parts Webb touched, Webb's actions prior to driving her to Williamson Park—the location of the incident, R.G.'s explanations for why she did not call 911 while she was in Webb's truck, why R.G. did not sustain any injuries attributable to Webb's actions, and R.G.'s recollection that child locks prevented her from opening the door to Webb's truck to escape. It is also

noteworthy that defense counsel asked the State's first witness, William Dunford of the Bryan Police Department, about obtaining statements from witnesses and the opportunity for complainants to create or concoct stories when speaking to different parties.

Viewing defense counsel's voir dire and cross-examination of Officer Dunford and R.G. in the proper context, and keeping in mind that a trial court's ruling on the admissibility of extraneous-offense evidence is reviewed under an abuse-of-discretion standard, we cannot conclude that the trial court's conclusion that the defensive theory of fabrication was raised at this point falls outside the "zone of reasonable disagreement."[1] *Montgomery*, 810 S.W.2d at 380; *see Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011); *see also Leal v. State*, 2016 Tex. App. LEXIS 7918, at **5-6 (Tex. App.—San Antonio July 27, 2016, no pet.) (mem. op., not designated for publication) (concluding that the defensive theory of fabrication was raised when, during voir dire and cross-examination of several witnesses, defense counsel repeatedly made reference to people being falsely accused of sexual crimes and to children making up allegations of sexual abuse and defense counsel repeatedly used the terms "lying" and "lies" regarding the child victim's credibility).

---

[1] The State further argues that Webb also asserted his fabrication defense in his opening statement; however, a review of the record shows that Webb did not make his opening statement until after T.T. and C.H. testified and the State rested. Therefore, at the time the trial court ruled on Webb's Rule 404(b) objection, Webb had not yet made his opening statement. Accordingly, because it was not before the trial judge at the time the objection was made and ruled on, we will not consider Webb's opening statement in this issue.

This is not to say that any questioning of a child victim automatically invokes a fabrication defense and, thus, opens the door to the admission of extraneous-offense evidence under Rule 404(b). *See Aguillen v. State*, 534 S.W.3d 701, 714 (Tex. App.—Texarkana 2017, no pet.) ("Although the Texas Court of Criminal Appeals has held that extraneous-offense evidence is admissible to rebut a defensive theory raised in opening statement or raised by the State's witnesses during cross-examination, the fact that the State's witnesses are cross-examined does not, in and of itself, authorize the introduction of extraneous-offense evidence. Likewise, a challenge to the complainant's credibility on cross-examination does not automatically open the door to extraneous-offense evidence." (citing *Ransom v. State*, 920 S.W.2d 288, 301 (Tex. Crim. App. 1994); *Caldwell v. State*, 477 S.W.2d 877, 879 (Tex. Crim. App. 1972))). Rather, under these facts, we hold that defense counsel's voir dire and cross-examination of Officer Dunford and R.G. went beyond merely pointing out inconsistencies in R.G.'s story and, thus, raised the defensive theory of fabrication, which, in turn, allowed for the admission of extraneous-offense evidence under Rule 404(b) to rebut that defensive theory. *See* Tex. R. Evid. 404(b); *Daggett*, 187 S.W.3d at 453-54; *Moses*, 105 S.W.3d at 626; *Ransom*, 920 S.W.2d at 301; *see also Leal*, 2016 Tex. App. LEXIS 7918, at **5-6.

Next, Webb argues that the extraneous-offense evidence was inadmissible under Rule 404(b) because the evidence was too dissimilar from the offense involved in this case. We disagree.

The record reflects that the nature of the extraneous-offense evidence proffered by the State was sufficiently similar to the offense in this case. *See Newton*, 301 S.W.3d at 317-18; *see also Dennis*, 178 S.W.3d at 172. Specifically, R.G., T.T., and C.H. alleged that Webb molested them when they were teenagers. R.G. testified that she was molested at age sixteen; T.T. was thirteen when Webb molested her; and C.H. stated that Webb continually molested her from when she was eight years old until she was twenty-one years old. Additionally, the evidence demonstrated that Webb entered the lives of each of the victims by being in a relationship with a family member. Moreover, similar to R.G., both T.T. and C.H. stated that Webb rubbed on their bodies and touched their breasts and private areas.

Therefore, because defense counsel's cross-examination advanced his defensive theory of fabrication and opened the door to the use of extraneous-offense evidence to rebut that defense, and because the extraneous offenses proffered by the State are sufficiently similar to the offense charged in this case, we cannot conclude that the trial court abused its discretion by overruling Webb's Rule 404(b) objection. *See* TEX. R. EVID. 404(b); *De la Paz v. State*, 279 S.W.3d 336, 343; *Bass*, 270 S.W.3d at 563; *see also Newton*, 301 S.W.3d at 317-18 (concluding that an extraneous offense was sufficiently similar to the charged offense where the victims were the defendant's step-daughters; both were about ten years old when the sexual assaults occurred; both were similar in appearance; the defendant did not threaten either of them; and the sexual assaults occurred for several

years); *Dennis*, 178 S.W.3d at 172 (holding that an extraneous offense was sufficiently similar to the charged offense where the offenses involved teenage girls that Dennis knew; both occurred in Dennis's apartment on a couch in the living-room area; both occurred in the summer of 2001; and Dennis did not say much to the victims as he sexually assaulted them). We overrule Webb's first issue.[2]

### III. TEXAS RULE OF EVIDENCE 403

In his second issue, Webb argues that the trial court abused its discretion by admitting the extraneous-offense evidence because the probative value of the evidence was substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. We disagree.

### A. Applicable Law

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." TEX. R. EVID. 403. Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Allen v. State*, 108 S.W.3d 281, 284 (Tex. Crim. App. 2003); *Jones v. State*, 944 S.W.2d 642, 652-53 (Tex. Crim. App. 1996). When

---

[2] In addition, even if the door had not been opened to rebut the defensive theory of fabrication, the extraneous-offense evidence would also be admissible under a couple of the exceptions listed in Rule 404(b)(2)—namely, intent and knowledge. *See* TEX. R. EVID. 404(b)(2); *see also Shepard v. State*, No. 10-06-00002-CR, 2007 Tex. App. LEXIS 3602, at *8 (Tex. App.—Waco May 9, 2007, no pet.) (mem. op., not designated for publication) ("[A]n appellate court should affirm a trial court's decision 'if it is reasonably supported by the record and is correct on any theory of law applicable to the case.'" (quoting *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006))).

considering a Rule 403 objection, the trial court must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest a decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006).

The trial court has broad discretion in conducting a Rule 403 balancing test, and we will not lightly disturb its decision. *Allen*, 108 S.W.3d at 284. All testimony and physical evidence will likely be prejudicial to one party or the other. *Jones*, 944 S.W.2d at 653. It is only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value that the evidence is considered unfairly prejudicial and in violation of Rule 403. *Id.*; *see Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1991) (op. on reh'g).

**B.    Discussion**

Webb's primary contention in this issue is that the probative value of the extraneous-offense evidence is substantially outweighed by the danger of unfair

prejudice because of the lack of similarities between the charged offense and the extraneous offenses.

The extraneous-offense evidence was probative to rebut Webb's defensive theory of fabrication. Further, we have already concluded that the extraneous-offense evidence is sufficiently similar to the charged offense to have probative value on this issue. *See Newton*, 301 S.W.3d at 317-18; *see also Dennis*, 178 S.W.3d at 172. Thus, this factor weighs in favor of admissibility.

The trial court could have reasonably concluded that the State's need for the extraneous-offense evidence was "considerable" given that there were no eyewitnesses, other than the complainant, and no physical evidence available to corroborate the complainant's testimony. *See Gigliobianco*, 210 S.W.3d at 642; *Wheeler*, 67 S.W.3d at 889; *see also Bargas v. State*, 252 S.W.3d 876, 893 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Blackwell v. State*, 193 S.W.3d 1, 18 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd); *Dennis*, 178 S.W.3d at 181. Therefore, this factor weighs in favor of admissibility.

Extraneous-offense evidence of this nature does have a tendency to suggest a verdict on an improper basis because of the inherently inflammatory and prejudicial nature of the crimes of a sexual nature perpetrated against children. *See Newton*, 301 S.W.3d at 320. However, this danger of unfair prejudice was counterbalanced, to some degree, by the trial court's limiting instructions contained in the court's charge. *See*

*Blackwell*, 193 S.W.3d at 17-18.  Nevertheless, as the State concedes, this factor weighs in favor of exclusion of the evidence.  *See Newton*, 301 S.W.3d at 320.

Next, we note that the extraneous-offense testimony provided by T.T. and C.H. was neither confusing nor highly technical such that the jury was ill-equipped to evaluate the probative force of the evidence.  Furthermore, the extraneous-offense evidence was contextual and relevant to whether or not Webb sexually assaulted R.G. in this case.  *See Bass*, 270 S.W.3d at 562-63 (concluding that evidence was relevant where it showed that the defendant abused other children in a similar fashion).  Accordingly, we conclude that the extraneous-offense evidence concerning T.T. and C.H. did not have a tendency to distract the jury or be given undue weight by the jury.  *See Bass*, 270 S.W.3d at 562-63; *see also Robisheaux v. State*, 483 S.W.3d 205, 220-21.

With regard to the final factor, the parties engage in page counting to determine whether an inordinate amount of time was spent in the presentation of the extraneous-offense evidence.  While we share the concerns raised in the concurring note in *Newton* regarding page counting to determine this factor, *see Newton*, 301 S.W.3d at 322 (Gray, C.J., concurring with a note), the State concedes that this factor slightly weighs in favor of exclusion.

Out of the six factors, only two somewhat favor exclusion.  We, therefore, cannot say that there is a "clear disparity" between the danger of unfair prejudice posed by the extraneous-offense evidence and its probative value; and as such, we cannot conclude

that the trial court abused its discretion by overruling Webb's Rule 403 objection. *See* TEX.

R. EVID. 403; *Gigliobianco*, 210 S.W.3d at 641-42; *Allen*, 108 S.W.3d at 284; *Jones*, 944 S.W.2d

at 653; *Montgomery*, 810 S.W.2d at 389. As such, we overrule Webb's second issue.

## IV. THE TRIAL COURT'S LIMITING INSTRUCTION

In his third issue, Webb asserts that the trial court erred by giving a limiting

instruction regarding the aforementioned extraneous-offense evidence that allowed the

evidence to be considered "for any bearing the evidence has on the character of the

defendant and acts performed in conformity with that character."

After the trial court overruled his multiple objections to the admission of the

extraneous-offense evidence, Webb requested a running objection and that the trial court

issue a limiting instruction to the jury regarding the evidence. The trial court granted

Webb's requests for a running objection and a limiting instruction. The limiting

instruction was given before the testimony of T.T. and provided the following:

> Ladies and gentlemen, I'm going to give you an instruction as it relates to
> testimony you may hear. There may be testimony introduced regarding
> extraneous crimes or bad acts other than the one charged in the indictment
> in this case. This testimony and evidence may be admitted only for the
> purpose of assisting you, if it does, in showing the lack of fabrication only,
> if it does, and to rebut any defensive theory in connection with the offense
> alleged in the indictment in this case or for any bearing the evidence has on
> relevant matters including the character of the defendant and acts
> performed in conformity with that character and for no other purpose. You
> cannot consider this testimony and evidence unless you find beyond a

reasonable doubt that the defendant committed the acts which may be referenced.[3]

Webb did not object to this instruction.

Given the above, we conclude that Webb's failure to object to the trial court's limiting instruction given immediately before T.T.'s testimony did not preserve error in this issue. *See* TEX. R. APP. P. 33.1(a)(1)(A). Accordingly, we overrule Webb's third issue.

## V. CONCLUSION

Having overruled all of Webb's issues on appeal, we affirm the judgment of the trial court.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
    (Chief Justice Gray dissenting)
Affirmed
Opinion delivered and filed May 15, 2019
Publish
[CRPM]



---

[3] Despite the foregoing, the jury charge included a correct statement regarding the jury's usage of the extraneous-offense evidence. Specifically, the charge stated:

> Any testimony and evidence of extraneous crimes or bad acts was admitted only for the purpose of assisting you, if it does, in showing the defendant's motive, intent, if any, or to rebut any defensive theory in connection with the offense alleged in the indictment in this case, and for no other purpose. You cannot consider such testimony and evidence unless you find and believe beyond a reasonable doubt the defendant committed these acts.