

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00198-CR

**PETE JERRY LUNA,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 13th District Court**
**Navarro County, Texas**
**Trial Court No. D38903-CR**

## MEMORANDUM OPINION

In three issues, appellant, Pete Jerry Luna, challenges his conviction for continuous sexual abuse of a young child. *See* TEX. PENAL CODE ANN. § 21.02(b). Specifically, Luna contends that: (1) the trial court erred by disallowing testimony from a defense expert; (2) the trial court erred by admitting evidence of extraneous sexual conduct by Luna; and (3) article 38.37, section 2 of the Texas Code of Criminal Procedure is unconstitutional on its face and as applied to him. We affirm.

**Procedural and Factual History**

On February 9, 2018, N.J., a fourteen-year-old child, made an outcry of sexual abuse against Luna, her stepfather, to her teacher. The teacher reported the outcry to CPS. After learning of the outcry from CPS, law enforcement arranged for a forensic interview with the Navarro County Child Advocacy Center. Dr. Lydia Bailey conducted the interview with N.J. In the interview, N.J. identified Luna as the perpetrator and described several occasions of sexual contact between Luna and N.J. when N.J. was twelve years old.

At trial, A.M. testified that she was abused by Luna in a manner similar to the abuse recounted by N.J. in her testimony. Luna objected to A.M.'s testimony on several grounds, including under article 38.37 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37. The trial court overruled Luna's article 38.37 objection.

Additionally, Luna called Dr. Stephen Thorne as a defense expert to opine on the quality of the forensic interview conducted by Dr. Bailey. The State requested a hearing under Texas Rule of Evidence 702. *See* TEX. R. EVID. 702. At this hearing, Dr. Thorne testified about his qualifications and his opinions regarding Dr. Bailey's interview of N.J. At the conclusion of Dr. Thorne's testimony, the State objected to Dr. Thorne's qualifications under Texas Rule of Evidence 702. *See id.* The trial court sustained the State's objection.

At the conclusion of the trial, the jury found Luna guilty of the charged offense of continuous sexual abuse of a young child. *See* TEX. PENAL CODE ANN. § 21.02. After the jury was dismissed, Luna pleaded "true" to an enhancement paragraph contained in the indictment, which referenced his prior felony conviction for aggravated sexual assault. The trial court found the enhancement paragraph to be true and sentenced Luna to life imprisonment in the Institutional Division of the Texas Department of Criminal Justice with no fine. The trial court certified Luna's right of appeal, and this appeal followed.

**Issue One**

In his first issue, Luna argues that the trial court abused its discretion by excluding the testimony of his expert, Dr. Thorne, based on lack of qualifications and that the exclusion of Dr. Thorne's testimony violated Luna's right to present a complete defense. Assuming, without deciding, this was error, Luna was not harmed.[1]

At trial, Luna called Dr. Thorne to testify as an expert as to whether Dr. Bailey followed the Best Practice guidelines and investigated to get the "most reliable, and accurate, and detailed information possible" from the forensic interview with N.J. The

---

[1] Although Luna argues on appeal that the exclusion of Dr. Thorne's testimony violated his right to present a complete defense, this contention was not made in the trial court. While the right to present a complete defense is rooted in constitutional protections, *see Holmes v. South Carolina*, 547 U.S. 319, 324, 126 S. Ct. 1727, 164 L. Ed. 2d 503 (2006), even constitutional rights may not be preserved if the proper request, objection, or motion is not asserted in the trial court. *Garza v. State*, 435 S.W.3d 258, 260-61 (Tex. Crim. App. 2014); *Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014). By failing to object in the trial court, Luna failed to preserve his contention that the exclusion of Dr. Thorne's testimony violated his right to present a complete defense. Furthermore, because Luna failed to preserve his constitutional complaint regarding his right to present a complete defense, we analyze the harm in this issue under Texas Rule of Appellate Procedure 44.2(b), rather than Texas Rule of Appellate Procedure 44.2(a). *See* TEX. R. APP. P. 44.2(a)-(b).

State objected to Dr. Thorne's testimony based on a lack of qualifications, including a lack of education, lack of publications, lack of professional training, lack of actual criminal forensic interviews on child sexual abuse victims, and a lack of any showing of child forensic interviews in his Curriculum Vitae. The trial court sustained the State's objection and excluded Dr. Thorne's testimony.

Assuming, without deciding, that the trial court abused its discretion by excluding Dr. Thorne's testimony, we conclude that the error, if any, was harmless. Generally, the erroneous admission or exclusion of evidence is non-constitutional error governed by Texas Rule of Appellate Procedure 44.2(b) if the trial court's ruling merely offends the rules of evidence. *See* TEX. R. APP. P. 44.2(b); *Barshaw v. State*, 342 S.W.3d 91, 96 (Tex. Crim. App. 2011); *Coble v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010); *Schutz v. State*, 63 S.W.3d 442, 444-46 (Tex. Crim. App. 2001); *see also Coker v. State*, No. 05-17-00782-CR, 2019 Tex. App. LEXIS 6450, at **11-12 (Tex. App.—Dallas July 29, 2019, no pet.) (mem. op., not designated for publication). Under Rule 44.2(b), we disregard all non-constitutional errors that do not affect the appellant's substantial rights. TEX. R. APP. P. 44.2(b); *Rich v. State*, 160 S.W.3d 575, 577 (Tex. Crim. App. 2005). A substantial right is affected when the error has a substantial and injurious effect or influence in determining the jury's verdict. *Rich*, 160 S.W.3d at 577; *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). In conducting the harm analysis, we consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the

evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case, the jury instructions, the State's theory and any defensive theories, closing arguments, voir dire, and whether the State emphasized the error. *Rich*, 160 S.W.3d at 577; *see Easley v. State*, 424 S.W.3d 535, 542 (Tex. Crim. App. 2014).

As stated above, Luna called Dr. Thorne to testify about whether Dr. Bailey followed the Best Practice guidelines and investigated to get the "most reliable, and accurate, and detailed information possible" from the forensic interview with N.J. Although Luna sought to use Dr. Thorne's testimony to attack the credibility of N.J.'s allegations, the record shows that N.J. testified about the incidents of sexual abuse and that Luna cross-examined her extensively, including her understanding of telling the truth and the nature of her statements to Dr. Bailey. In addition to N.J.'s testimony, the record contains other relevant evidence addressing the credibility of N.J.'s allegations, including A.M.'s testimony regarding similar instances of sexual abuse at the hands of Luna, Luna's 1991 judgment of conviction for aggravated sexual assault and the corresponding pen packet, and the testimony of Mrs. French, the outcry witness in this case. Additionally, the State's closing argument did not rely heavily on Dr. Bailey's testimony and referenced it only briefly.

Because Dr. Thorne's purported testimony was only a small portion of the large amount of evidence presented that the jury could have considered in assessing N.J.'s

credibility, we conclude that the trial court's exclusion of Dr. Thorne's purported testimony was harmless. *See* Tex. R. App. P. 44.2(b); *see also Barshaw*, 342 S.W.3d at 96 ("Even in cases in which credibility is paramount, Texas courts have found harmless error when the inadmissible expert testimony was only a small portion of a large amount of evidence presented that the jury could have considered in assessing the victim's credibility." (citing *Schutz*, 63 S.W.3d at 446)). Accordingly, we overrule Luna's first issue.

## Issue Two

In his second issue, Luna contends that the trial court erred by ruling that evidence of extraneous sexual conduct, specifically the testimony of A.M., a 1991 judgment of conviction for aggravated sexual assault, and the corresponding pen packet, was admissible pursuant to article 38.37, section 2(1)(B) of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. Art. 38.37, § 2(1)(B).

ARTICLE 38.37

At the trial of a defendant accused of, among other things, continuous sexual abuse of a young child, evidence of certain extraneous offenses committed by the defendant, including aggravated sexual assault, is admissible under section 2 of article 38.37 "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." Tex. Code Crim. Proc. Ann. art. 38.37, § 2; *Fahrni v. State*, 473 S.W.3d 486, 492 (Tex. App.—Texarkana 2015,

pet. ref'd). Before evidence under article 38.37 is introduced, the trial judge must conduct a hearing outside the presence of the jury to "determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2-a.

Under article 38.37, evidence of extraneous offenses against other children is admissible even if such evidence would be otherwise inadmissible under Texas Rules of Evidence 404 or 405. *Id.* However, the admission of evidence under article 38.37 "is limited by Rule 403's balancing test, which permits admission of evidence as long as its probative value is not substantially outweighed by its potential for unfair prejudice." *Bradshaw v. State*, 466 S.W.3d 875, 882 (Tex. App.—Texarkana 2015, pet. ref'd); *see* TEX. R. EVID. 403.

TEXAS RULE OF EVIDENCE 403

Rule 403 of the Texas Rules of Evidence allows the exclusion of relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. TEX. R. EVID. 403. Luna complains on appeal that the probative value of the extraneous-offense evidence was substantially outweighed by the danger of unfair prejudice.

Probative value refers to the inherent probative force of an item of evidence—that is, how strongly it serves to make more or less probable the existence of a fact of consequence to the litigation—coupled with the proponent's need for that item of evidence. *Valadez v. State*, No. PD-0574-19, 2022 Tex. Crim. App. LEXIS 217, at *11 (Tex. Crim. App. Mar. 30, 2022) (publish). Relevant evidence is presumed to be more probative than prejudicial. *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997). However, evidence may be unfairly prejudicial if it prompts the jury's hostility or sympathy for one side without regard to the logical probative force of the evidence. *Valadez*, 2022 Tex. Crim. App. LEXIS 217, at *11. Thus, a court must balance the probative force of the proffered evidence and the proponent's need for it against any tendency of the evidence to suggest a decision on an improper basis. *Id.* at **11-12.

A trial judge has substantial discretion in balancing probative value and unfair prejudice. *See Powell v. State*, 189 S.W.3d 285, 288 (Tex. Crim. App. 2006). All testimony and physical evidence will likely be prejudicial to one party or the other. *Jones v. State*, 944 S.W.2d 642, 653 (Tex. Crim. App. 1996). It is only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value (i.e., the evidence is unfairly prejudicial) that Rule 403 is applicable. *Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009).

When conducting a Rule 403 balancing test, courts should consider: (1) the evidence's probative force; (2) the proponent's need for the evidence; (3) the evidence's

potential to suggest a decision on an improper basis; (4) the evidence's tendency to distract the jury from the main issues; (5) any tendency for the jury to give the evidence undue weight because it has not been fully equipped to evaluate the evidence's probative force; and (6) the likelihood that presenting the evidence will consume an inordinate amount of time. *See Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006).

ANALYSIS

As noted earlier, the trial court conducted an Article 38.37 hearing at Luna's request. At this hearing, A.M. testified that Luna was her mother's boyfriend when A.M. was four or five years old. At the time of trial, A.M. was thirty-nine years old. In any event, when A.M. was four or five years old, Luna moved in with her family and began touching A.M. She recounted that he touched her body, put his hands down her pants, rubbed on her butt, and repeatedly tried to kiss her. Luna would come into her room at night and fondle her. The family then moved to a bigger house, and that is when Luna's actions escalated. At the new house, he would unzip his pants and ask A.M. to touch his penis. Later, Luna would take A.M. on car rides and park on a dirt road. A.M. recounted that Luna would then unzip his pants, force her to have oral sex, grope her, kiss her, and "basically hump me with his body." Luna would then give A.M. a Dr. Pepper to get her to stop screaming. On at least one occasion, Luna tried to penetrate A.M. N.J.'s description of the continuous sexual abuse perpetrated by Luna was substantially similar to A.M.'s.

The State also presented testimony from Jerry Putman, an investigator with the Navarro County District Attorney's Office. Putnam explained his training in identifying fingerprints and proceeded to authenticate the judgment and pen packet referring to Luna's 1991 conviction for aggravated sexual assault and the offense failing to comply with the requirements of a sex offender as related to his 1991 aggravated-sexual-assault conviction.

In arguing against the probative force of this evidence, Luna argues that the remoteness of the extraneous sexual conduct "lessens the probative value to the extent that prejudice would ultimately outweigh the probative value remaining." Remoteness can lessen the probative value of extraneous offense evidence because the passage of time allows people and things to change. *Gaytan v. State*, 331 S.W.3d 218, 226-27 (Tex. App.—Austin 2011, pet. ref'd); *Newton*, 301 S.W.3d at 320. However, remoteness alone is not sufficient to render an extraneous offense excludable under Rule 403. *Gaytan*, 331 S.W.3d at 226-27. Evidence of a separate sexual offense against a child admitted under article 38.37, section 2(b) is probative of a defendant's character or propensity to commit sexual assaults on children. *See Bradshaw*, 466 S.W.3d at 883. We do not believe that the "remoteness of the extraneous offenses rendered the probative value of this evidence so weak as to render this evidence inadmissible under Rule 403." *Harty v. State*, 552 S.W.3d 928, 935 (Tex. App.—Texarkana 2018, no pet.); *see Gaytan*, 331 S.W.3d at 226 (where the extraneous sexual acts complained of were twenty-four and twenty-eight years before

the time of trial); *see also Deggs v. State*, No. 10-20-00068-CR, ___ S.W.3d ___, 2022 Tex. App. LEXIS 3390, at *6 (Tex. App.—Waco May 18, 2022, pet. ref'd) (publish) (where the extraneous sexual act complained of was eighteen years old before the first offense upon which the charge occurred); *Shimp v. State*, Nos. 11-16-00234-CR & 11-16-00235-CR, 2017 Tex. App. LEXIS 11639, at *14 (Tex. App.—Eastland Dec. 14, 2017, no pet.) (mem. op., not designated for publication) (where the extraneous sexual offense was committed more than twenty years prior to trial). Instead, we find that the evidence relating to the extraneous offenses offered by the State were probative of Luna's character or propensity to pursue single mothers with young female children. As a result, we conclude that this factor weighed strongly in favor of admission.

The second factor, the proponent's need for evidence, weighs strongly in favor of admission; without A.M.'s testimony, the State's case would come down to Luna's word against N.J.'s. *See Hammer*, 269 S.W.3d at 568 ("Rule 403 . . . should be used sparingly, especially in 'he said, she said' sexual-molestation cases that must be resolved solely on the basis of the testimony of the complainant and the defendant.").

Luna also argues that evidence of extraneous sexual conduct may lead the jury to convict based on those prior acts, rather than the acts alleged in the instant case. The extraneous offense could suggest a verdict on an improper basis, due to the "inherently inflammatory and prejudicial nature of crimes of a sexual nature committed against children." *Newton*, 301 S.W.3d at 320; *see, e.g., Deggs*, 2022 Tex. App. LEXIS 3390, at *15

(recognizing that "the inherently inflammatory and prejudicial nature of evidence of extraneous sexual offenses against children does tend to suggest a verdict on an improper basis"). However, the trial court instructed the jury that it could only consider A.M.'s testimony for proper purposes:

> You are not to consider this evidence at all unless you find beyond a reasonable doubt that the defendant did in fact commit the wrongful act. Those of you who believe the defendant committed one or more of the wrongful acts described in this paragraph may consider the evidence. If you consider it, you may consider it for any bearing the evidence has on relevant matters including the character of the defendant and acts performed in conformity with the character of the defendant.

The court included a similar instruction in the jury charge. We presume that the jury obeyed the court's instructions. *See Resendiz v. State*, 112 S.W.3d 541, 546 (Tex. Crim. App. 2003) (appellate courts presume the jury follows instructions). Because the trial court did what it could do to mitigate the improper influence of this evidence, the third factor at most somewhat favors exclusion. *See Banks v. State*, 494 S.W.3d 883, 894 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd); *Gaytan*, 331 S.W.3d at 227-28; *see also Webb v. State*, 575 S.W.3d 905, 912 (Tex. App.—Waco 2019, pet. ref'd).

With regard to the fourth factor, Luna argues that the remaining factors weigh in favor of excluding the evidence because they are so prejudicial that a jury will not be able to separate the prior sexual offense from the current issue. Luna argues that the State's closing focused too heavily on Luna's criminal propensity. However, the evidence of extraneous sexual conduct was straightforward and directly relevant to the only issue in

the case, namely whether Luna sexually abused N.J. As such, this factor weights in favor of admission.

The fifth factor, the tendency of the evidence to be given undue weight by the jury, addresses concerns that a jury is not equipped to judge the probative force of the evidence. *Gaytan*, 331 S.W.3d at 228. "'[S]cientific' evidence might mislead a jury that is not properly equipped to judge the probative force of the evidence." *Id.* (quoting *Gigliobianco*, 210 S.W.3d at 641). However, matters easily comprehensible to laypeople, like evidence of extraneous sexual conduct, are not prone to this tendency. *See id*. Thus, the fifth factor weighs in favor of admission.

The sixth factor, the likelihood that the evidence will be too time-consuming or repetitive, weighs in favor of admission. A.M.'s testimony took up less than twenty pages of a trial transcript spanning hundreds of pages. *See Lane v. State*, 933 S.W.2d 504, 520 (Tex. Crim. App. 1996) (factor weighed in favor of admission where extraneous-offense testimony amounted to "less than one-fifth" of trial testimony); *see also Gaytan*, 331 S.W.3d at 228. Further, the evidence of extraneous sexual conduct is not repetitive because it was crucial to the State's case, and it was unlike other evidence presented. *See Gaytan*, 331 S.W.3d at 228.

Based on the foregoing, we cannot say there is a "clear disparity" between the danger of unfair prejudice posed by the complained-of evidence and its probative value. *See Hammer*, 296 S.W.3d at 555. Thus, we cannot conclude that the trial court abused its

discretion by admitting the complained-of evidence.  *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b); TEX. R. EVID. 403; *Gigliobianco*, 210 S.W.3d at 641-42; *see also Tillman*, 354 S.W.3d at 435.  We overrule Luna's second issue.

## Issue Three

In his third issue, Luna contends that article 38.37, section 2(b) of the Texas Code of Criminal Procedure is unconstitutional on its face and as applied to him.  Specifically, Luna asserts that article 38.37, section 2(b) is unconstitutional because it violates a defendant's right to due process under the United States Constitution and to due course of law under the Texas Constitution.  TEX. CODE CRIM. PROC. ANN. Art. 38.37, § 2(b); U.S. CONST. amend. XIV; TEX. CONST. art. I, § 19.

In *Balboa v. State*, this Court addressed a similar challenge to article 38.37 and concluded that the statute is constitutional.  *See* No. 10-15-00024-CR, 2016 Tex. App. LEXIS 908, at **10-12 (Tex. App.—Waco Jan. 28, 2016, pet. ref'd) (mem. op., not designated for publication).  This Court also noted that section 2(b) of article 38.37 was intended to:  (1) bring the Texas Rules of Evidence in line with Federal rule of Evidence 413(a), which several federal courts have determined does not violate the Due Process Clause of the United States Constitution because it does not implicate a fundamental right; and (2) "'give prosecutors additional resources to prosecute sex crimes committed against children.'"  *Id.* at *10 (quoting *Harris v. State*, 475 S.W.3d 395, 401 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd)).  Additionally,

> a defendant's right to a fair trial is protected by numerous procedural safeguards contained in the statute, including: (1) the requirement that the trial court conduct a hearing before the evidence is introduced to determine whether the evidence will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt; (2) defense counsel's right to challenge any witness's testimony by cross-examination at the hearing; and (3) the requirement that the State give the defendant notice of its intent to introduce the evidence in its case-in-chief not later than the thirtieth day before trial.

*Id.* at **10-11 (citing *Harris*, 475 S.W.3d at 402). "And finally, the *Harris* Court explained that section 2 of article 38.37 does not impermissibly lessen the State's burden of proof." *Id.* at *11 (citing *Harris*, 475 S.W.3d at 402-03).

Moreover, as Luna acknowledges, several other Texas courts have also arrived at this same conclusion—that article 38.37 is constitutional. *See Buxton v. State*, 526 S.W.3d 666, 688-89 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd); *Bezerra v. State*, 485 S.W.3d 133, 139-40 (Tex. App.—Amarillo 2016, pet. ref'd); *Robisheaux v. State*, 483 S.W.3d 205, 209-13 (Tex. App.—Austin 2016, pet. ref'd); *Belcher v. State*, 474 S.W.3d 840, 846-47 (Tex. App.—Tyler 2015, no pet.) (concluding that section 2(b) of article 38.37 is constitutional and noting that the "ban against propensity evidence in our jurisprudence is over three hundred years old dating back to the seventeenth century. . . . However, that the practice is ancient does not mean that it is embodied in the Constitution." (internal quotation marks & citations omitted)).

Here, the record reflects that the safeguards outlined in *Harris*, *Balboa*, and the other cases cited above were followed. Therefore, based on the foregoing, we cannot say

that article 38.37, section 2(b) is unconstitutional on its face or as applied to Luna. *See Buxton*, 526 S.W.3d at 688-89; *Bezerra*, 485 S.W.3d at 139-40; *Robisheaux*, 483 S.W.3d at 209-13; *Belcher*, 474 S.W.3d at 846-47; *see also Balboa*, 2016 Tex. App. LEXIS 908, at **10-12. We overrule Luna's third issue.

### Conclusion

Having overruled all of Luna's issues on appeal, we affirm the judgment of the trial court.


STEVE SMITH
Justice

Before Chief Justice Gray,
 Justice Johnson,
 and Justice Smith
Affirmed
Opinion delivered and filed August 10, 2022
Do not publish
[CRPM]

