

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00366-CR

TODD ALLEN GUEDEA,

                                                    Appellant

 v.

THE STATE OF TEXAS,

                                                    Appellee

From the 413th District Court
Johnson County, Texas
Trial Court No. DC-F202200302

## O P I N I O N

Todd Allen Guedea was charged by grand-jury indictment with one count of continuous sexual abuse of a young child and two counts of failure to register as a sex offender. Prior to trial, Guedea filed a motion to sever the one count of continuous sexual abuse of a young child from the two counts of failure to register as a sex offender. The trial court granted Guedea's motion, and a jury trial ensued on the continuous-sexual-abuse-of-a-young-child charge.

Guedea was found guilty, and the jury assessed his punishment at life in the penitentiary.

In two issues, Guedea contends that the trial court: (1) abused its discretion by admitting evidence of prior sexual assaults under article 38.37 of the Code of Criminal Procedure and (2) erred in assessing costs against an indigent defendant without a hearing. We affirm as modified.

**Issue One**

In his first issue, Guedea argues that the trial court abused its discretion by admitting the testimony of V.B., who described being the victim of multiple extraneous instances of sexual assault perpetrated by Guedea around 1990, when she was between five and seven years old, and which resulted in Guedea's conviction for aggravated sexual assault of a child.

AUTHORITY

At the trial of a defendant accused of continuous sexual abuse of a young child, evidence of certain extraneous offenses committed by the defendant, including aggravated sexual assault of a child, is admissible under section 2 of article 38.37 "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2; *see Fahrni v. State*, 473 S.W.3d 486, 492 (Tex. App.—Texarkana 2015, pet. ref'd). Before evidence under article 38.37 is introduced, the trial judge must

conduct a hearing outside the presence of the jury to "determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2-a.

Under article 38.37, evidence of extraneous offenses against other children is admissible even if such evidence would be otherwise inadmissible under Rule of Evidence 404 or 405. *Id.* However, the admission of evidence under article 38.37 "is limited by Rule 403's balancing test, which permits admission of evidence as long as its probative value is not substantially outweighed by its potential for unfair prejudice." *Bradshaw v. State*, 466 S.W.3d 875, 882 (Tex. App.—Texarkana 2015, pet. ref'd); *see* TEX. R. EVID. 403.

Rule of Evidence 403 allows for the exclusion of relevant evidence if the probative value of the evidence is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. TEX. R. EVID. 403.

Probative value "refers to the inherent probative force of an item of evidence—that is, how strongly it serves to make more or less probable the existence of a fact of consequence to the litigation—coupled with the proponent's need for that item of evidence." *Valadez v. State*, 663 S.W.3d 133, 142 (Tex. Crim. App. 2022) (quoting *Gigliobianco v. State*, 210 S.W.3d 637, 641 (Tex. Crim. App. 2006)). Relevant evidence is

presumed to be more probative than prejudicial. *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997). However, "[e]vidence may be unfairly prejudicial if it prompts 'the jury's hostility or sympathy for one side without regard to the logical probative force of the evidence.'" *Valadez*, 663 S.W.3d at 142 (quoting *Gigliobianco*, 210 S.W.3d at 641). Thus, "a court must balance the probative force of the proffered evidence and the proponent's need for it against any tendency of the evidence to suggest a decision on an improper basis." *Id.* at 142.

A trial judge has substantial discretion in balancing probative value and unfair prejudice. *See Manning v. State*, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003). All testimony and physical evidence will likely be prejudicial to one party or the other. *Webb v. State*, 575 S.W.3d 905, 911 (Tex. App.—Waco 2019, pet. ref'd). It is only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value that Rule 403 is applicable. *Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009).

When conducting a Rule 403 balancing test, courts should consider: (1) the evidence's probative force; (2) the proponent's need for the evidence; (3) the evidence's potential to suggest a decision on an improper basis; (4) the evidence's tendency to distract the jury from the main issues; (5) any tendency for the jury to give the evidence undue weight because it has not been fully equipped to evaluate the evidence's probative force; and (6) the likelihood that presenting the evidence will consume an inordinate amount of time. *See Gigliobianco*, 210 S.W.3d at 641–42.

DISCUSSION

In his brief, Guedea contends that the 1990 sexual offenses described by V.B. and perpetrated by Guedea were so remote that the prejudicial effect outweighed the probative value of the evidence. Remoteness can lessen the probative value of extraneous-offense evidence because the passage of time allows people and things to change. *Gaytan v. State*, 331 S.W.3d 218, 226 (Tex. App.—Austin 2011, pet. ref'd). However, remoteness alone is not sufficient to render an extraneous offense excludable under Rule 403. *Id.* Evidence of an extraneous sexual offense against a child admitted under article 38.37, section 2(b) is probative of the defendant's character or propensity to commit sexual assaults on children. *See Bradshaw*, 466 S.W.3d at 883. We do not believe that the "remoteness of the extraneous offenses rendered the probative value of this evidence so weak as to render this evidence inadmissible under Rule 403." *Harty v. State*, 552 S.W.3d 928, 935 (Tex. App.—Texarkana 2018, no pet.); *see Gaytan*, 331 S.W.3d at 226. We conclude that the evidence relating to the extraneous offenses offered by the State were probative of Guedea's character or propensity to sexually abuse young female children. As a result, we conclude that this factor weighs strongly in favor of admission.

The second factor, the proponent's need for the evidence, weighs strongly in favor of admission. Without V.B.'s testimony, the State's case would come down to Guedea's word against the word of the child victim, who was twelve years old at the time of trial. *See Hammer*, 296 S.W.3d at 568 ("Rule 403 . . . should be used sparingly, especially in 'he

said, she said' sexual-molestation cases that must be resolved solely on the basis of the testimony of the complainant and the defendant.").

Guedea also argues that the extraneous sexual conduct coupled with the trial court's refusal to give a limiting instruction may lead the jury to convict on an improper basis. The extraneous offenses could suggest a verdict on an improper basis, due to the "inherently inflammatory and prejudicial nature of crimes of a sexual nature committed against children." *Newton v. State*, 301 S.W.3d 315, 320 (Tex. App.—Waco 2009, pet. ref'd). However, the trial court instructed the jury that it could only consider V.B.'s testimony for proper purposes:

> The Defendant is on trial solely on the charges contained in the indictment. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. However, such evidence may be admissible for other purposes, such as intent, motive, plan, purpose, scheme, design, preparation, absence of mistake or rebuttal of a defensive theory.
>
> You are instructed that if there is any evidence before you in this case regarding the Defendant committing other crimes, wrongs, or acts against another child who is an alleged victim of a sexual offense(s) not contained in the indictment in this case, you cannot consider such evidence for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other crimes, wrongs, or acts against the other child, if any, and even then you may only consider the same in determining its bearing on relevant matters, including: (1) the character of the defendant and (2) acts performed in conformity with the character of the defendant.
>
> You are further instructed that if there is any evidence before you in this case regarding the Defendant committing other crimes, wrongs, or acts against the child who is the victim of the alleged offense in the indictment in this case, you cannot consider such evidence for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed

such other crimes, wrongs, or acts against the child, if any, and even then you may only consider the same in determining its bearing on relevant matters, including: (1) the state of mind of the defendant and the child; and (2) the previous and subsequent relationship between the defendant and the child, and for no other purpose.

The State has introduced evidence of extraneous matters other than those charged in the indictment in this case. You are instructed that said evidence was admitted only for the purpose of showing intent, motive, plan, purpose, scheme, design, preparation, absence of mistake or rebuttal of a defensive theory, if it does. You are further charged that if there is any evidence before you in this case tending to show that the Defendant committed the extraneous transaction, you cannot consider said evidence for any purpose unless you first find and believe beyond a reasonable doubt, that the Defendant committed said extraneous transaction. If you find and believe beyond a reasonable doubt, from such testimony that the Defendant committed the extraneous transaction, you may consider the same for the purpose for which it was introduced, namely as evidence of intent, motive, plan, purpose, scheme, design, preparation, absence of mistake or rebuttal of a defensive theory, if any, and for no other purpose.

We presume that the jury obeyed the court's instructions. *See Resendiz v. State*, 112 S.W.3d 541, 546 (Tex. Crim. App. 2003). Because the trial court's instruction in the charge attempted to mitigate the improper influence of this evidence, the third factor only somewhat favors exclusion. *See Banks v. State*, 494 S.W.3d 883, 894 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd); *see also Webb*, 575 S.W.3d at 912.

Guedea does not address any of the remaining *Gigliobianco* factors on appeal. Therefore, we cannot say that the complained-of evidence tended to distract the jury from the main issue of whether Guedea abused the victim as alleged in the indictment; that the jury gave the evidence undue weight because it had not been fully equipped to evaluate the evidence's probative force, *Gaytan*, 331 S.W.3d at 228 (noting that matters easily

comprehensible to laypeople, like evidence of extraneous sexual conduct, are not prone to the tendency to mislead); or that the evidence consumed an inordinate amount of time.[1]  *See Lane v. State*, 933 S.W.2d 504, 520 (Tex. Crim. App. 1996) (noting that extraneous-offense evidence was not too time consuming where testimony amounted to "less than one-fifth" of trial testimony).

Based on the foregoing, we cannot say that there is a "clear disparity" between the danger of unfair prejudice posed by the complained-of evidence and its probative value. *See Hammer*, 296 S.W.3d at 555.  Thus, we cannot conclude that the trial court abused its discretion by admitting the complained-of evidence.  *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b); TEX. R. EVID. 403; *Gigliobianco*, 210 S.W.3d at 642–43.

In addition, Guedea also complains that the trial court did not conduct an appropriate balancing test under Rule 403 and that the testimony provided by V.B. before the jury contained additional facts not ruled on by the trial court during the article 38.37 hearing.  The trial court stated on the record that it did a Rule 403 balancing test on the complained-of evidence.  *See Wilson v. State*, 7 S.W.3d 136, 144 (Tex. Crim. App. 1999).  A trial court is not required to place the results of its balancing test on the record.  *Walker v. State*, 4 S.W.3d 98, 103 (Tex. App.—Waco 1999, pet. ref'd) (citing *Rojas v. State*, 986 S.W.2d 241, 250 (Tex. Crim. App. 1998)).  And a trial court is presumed to engage in the required

---

[1] V.B.'s testimony took up approximately thirteen pages out of the approximately 124 pages of the State's case-in-chief.

balancing test once a party objects on the ground of Rule 403 and the trial court rules on the objection unless the record indicates otherwise. *Id.*

Furthermore, Guedea did not object in the trial court when V.B. testified during the State's case-in-chief to additional facts not mentioned during the article 38.37 hearing. Thus, Guedea failed to preserve his complaint for appellate review. *See* TEX. R. APP. P. 33.1(a). We overrule Guedea's first issue on appeal.

**Issue Two**

In his second issue, Guedea argues that the trial court improperly assessed fines, costs, and other fees without conducting a hearing on his indigence. Specifically, Guedea asserts that the child-abuse-prevention fine, court costs for the preparation of the clerk's record, and reimbursement for court-appointed attorney's fees should be deleted from the judgment and the corresponding bill of costs.

Here, the November 2, 2022 certified bill of costs indicates that a $100 child-abuse-prevention fee was assessed and that Guedea owed an amount "TBD" with regard to reimbursement for court-appointed attorney's fees. Additionally, the February 28, 2023 certified bill of costs indicates that Guedea owes $105 for the preparation of the clerk's record.

Guedea had appointed counsel in the trial court because of his indigence, and he has appointed counsel in this appeal. The State concedes that Guedea is indigent and that the fees complained about in this issue should be deleted.

Because Guedea was indigent and is presumed to be indigent absent record proof of a material change in his circumstances, the judgment and corresponding November 2, 2022 and February 28, 2023 bills of costs incorrectly assessed the $100 child-abuse-prevention fee, reimbursement for court-appointed attorney's fees, and the $105 fee for the preparation of the clerk's record as court costs. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g); *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Watkins v. State*, 333 S.W.3d 771, 781–82 (Tex. App.—Waco 2010, pet. ref'd). Accordingly, we sustain Guedea's second issue and modify the judgment and corresponding November 2, 2022 and February 28, 2023 bills of costs to delete the $100 child-abuse-prevention fee, reimbursement for court-appointed attorney's fees, and the $105 fee for the preparation of the clerk's record.

## Conclusion

We affirm the trial court's judgment as modified.

MATT JOHNSON
Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
(Chief Justice Gray dissenting)
Affirmed as modified
Opinion delivered and filed December 14, 2023
Publish
[CRPM]

