

# NUMBER 13-22-00579-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

PEDRO ACOSTA JR.,                                                    Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

### On appeal from the 36th District Court
### of San Patricio County, Texas.

## MEMORANDUM OPINION

### Before Justices Tijerina, Silva, and Peña
### Memorandum Opinion by Justice Tijerina

A jury found appellant Pedro Acosta Jr. guilty of two counts of indecency with a

child, a second-degree felony. *See* TEX. PENAL CODE ANN. § 21.11. The punishment was

enhanced to an automatic life sentence with two previous convictions. *See id.* § 12.42.

By two issues, appellant argues that (1) the trial court abused its discretion by allowing

evidence of a previous conviction pursuant to Article 38.37 of the code of criminal procedure, and (2) he received ineffective assistance of counsel. We affirm.

## I.    EXTRANEOUS OFFENSE

By his first issue, appellant argues that the trial court erred by allowing a previous conviction to be introduced in violation of Article 38.37. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37. Specifically, appellant argues that his constitutional rights were violated when the State introduced "evidence that [appellant] had previously been convicted of Indecency [with] a Child pursuant to . . . 38.37 . . . without an appropriate witness to be cross-examined by defense counsel."

### A.    Pertinent Facts

At trial, after the jury was empaneled but before the guilt-innocence phase, the trial court held a hearing outside the presence of the jury to determine the admissibility of extraneous offense evidence in accordance with Article 38.37 of the Texas Code of Criminal Procedure. *See id.* At the hearing, the State presented the following documents: the declaration of Sarah Wright, the custodian of records for the Texas Department of Criminal Justice Correctional Institutions Division (TDCJ) in Huntsville, Texas; a 2002 judgment of adjudication of guilt for the offense of indecency with a child by contact; a 2009 judgment of conviction for two counts of the offense of failure to register as a sex offender; appellant's fingerprint card taken after his arrest for the indecency with a child offense; appellant's fingerprint card taken after his arrest for the failure to register as a sex offender offense; and appellant's mug shots.

2

Appellant objected on the grounds that the admission of these previous judgments would violate his right to due process and that it was prejudicial. Nolanna Ortiz, an investigator with the San Patricio District Attorney's Office, testified that she verified and identified the information from those prior judgments with current identifiers of appellant and confirmed that the prior judgments referred to appellant. For example, Ortiz clarified that she compared appellant's date of birth on the previous judgments to his date of birth in the current case. She also verified that his current "SID number" given by the TDCJ is the same SID number in the previous judgments, and she compared his photographs for the previous judgments with his current booking photograph.[1] The trial court found that the State's evidence was supported by testimony, relevant, and probative.

During the guilt-innocence phase, the State offered the same evidence in front of the jury. Appellant re-urged his prior objection to the judgments. The trial court overruled the objections and admitted the two exhibits.

## B. Article 38.37

When a defendant is on trial for certain sexual offenses, evidence that the defendant has committed a separate sexual offense may be admissible at trial for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant. TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b). The trial court must conduct a hearing to determine whether

---

[1] Ortiz explained that the SID number is a single number assigned to one person to identify that person.

3

the evidence likely to be admitted at trial will be adequate to support a jury finding "that the defendant committed the separate offense beyond a reasonable doubt." *See id.* § 2-a(1). We review the trial court's admission of extraneous offense evidence under an abuse of discretion standard. *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005).

In *Singleton*, the defendant contended "that he was deprived of a fair trial because he did not have an opportunity to cross-examine anyone regarding the exhibits at the [A]ticle 38.37 hearing, as the State did not present them through a sponsoring witness." *Singleton v. State*, 631 S.W.3d 213, 220 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd). The court held that "a defendant's right to a fair trial 'is protected by the . . . procedural safeguards provided in the statute.'" *Id.* (citing *Harris v. State*, 475 S.W.3d 395, 402 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). The two safeguards in Article 38.37 are as follows: (1) the trial court conducts a hearing outside the presence of the jury to determine whether the evidence likely to be admitted will be adequate to support a jury finding that the defendant committed the separate offense beyond a reasonable doubt; and (2) the State gives notice of its intent to introduce the extraneous offense evidence at least thirty days before trial. *Id.* at 220–21. The court held that there is no such requirement in Article 38.37 requiring the State "to put on witnesses at the hearing" for the defense to cross-examine. *Id.* at 221. Therefore, the State's failure to put on a sponsoring witness at the hearing to authenticate its exhibits related to extraneous offense evidence of separate sexual offenses did not deprive defendant of his right to due process. *See id.* at 221 ("Indeed, there are many ways to authenticate a document that

4

do not require witness testimony."); *see also Quinn v. State*, No. 06-22-00104-CR, 2023 WL 2876434, at *2 n.6 (Tex. App.—Texarkana Apr. 11, 2023, no pet.) (mem. op., not designated for publication) (noting that the trial court stated, "I've done it both ways. We've had it where the person comes and we have kind of a minitrial or we have a proffer."); *Gutierrez v. State*, No. 01-19-00718-CR, 2021 WL 2931358, at *4 (Tex. App.—Houston [1st Dist.] July 13, 2021, pet. ref'd) (mem. op., not designated for publication) (rejecting appellant's argument that the trial court did not comply with Article 38.37 requirements because appellant "has not identified, nor could [the appellate court] find, any authority indicating that the trial court must hear *detailed testimony* or announce its finding in a particular format") (emphasis added).

Nonetheless, in this case, the State presented a sponsoring witness: an investigator with the district attorney's office to authenticate the supporting judgments. Appellant chose not to cross-examine her. Furthermore, during the guilt-innocence phase, appellant admitted he had a "semi-inappropriate relationship" with a sixteen-year-old in 2002, pleaded guilty to the charge, but was not able to complete community supervision. Appellant knew it was inappropriate, and stated, "I've done my time for it[,] and I paid for it, yes." Therefore, we reject appellant's argument that he was denied due process by the trial court's admission of his previous two offenses.

## C.    Probative Value and Prejudice

Next, appellant argues that the trial court erred by admitting evidence of his previous convictions because "the probative value of the evidence was far outweighed by

the prejudice to" appellant. Specifically, appellant asserts that the related indecency occurred on May 7, 2000, and the offense at issue "allegedly occurred May 19, 2018," which "is a difference of eighteen (18) years." We construe this argument to be that the previous judgment is too remote in time to the current offense, and therefore, is more prejudicial than probative.

We review the trial court's decision to admit evidence for abuse of discretion. *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007). "[A]s long as the trial court's decision was within the zone of reasonable disagreement and was correct under any theory of law applicable to the case, it must be upheld." *Id.* Texas Rule of Evidence 403 authorizes a trial court to exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice.[2] *See* TEX. R. EVID. 403. "[P]robative value" is the measure of how strongly the evidence "serves to make more or less probable the existence of a fact of consequence to the litigation—coupled with the proponent's need for that item of evidence." *Gigliobianco v. State*, 210 S.W.3d 637, 641 (Tex. Crim. App. 2006). "Unfair prejudice" is a "tendency to tempt the jury into finding guilt on grounds apart from proof of the offense charged." *State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005). "[T]here is a presumption that relevant evidence is more probative than prejudicial." *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App.

---

[2] Texas Rules of Evidence 403 provides that a trial court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence. *See* TEX. R. EVID. 403. On appeal, appellant does not argue that probative value of the evidence was substantially outweighed by a danger of confusion of the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence. Thus, we need not address those factors. *See id.*

1997). An appellate court considers the following factors when analyzing a Rule 403 challenge on appeal: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational yet indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for the challenged evidence. *See Ryder v. State*, 581 S.W.3d 439, 453 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

Although "[r]emoteness of an extraneous offense can significantly lessen its probative value," remoteness "does not require the trial court to exclude evidence of an extraneous offense under Rule 403." *Dies v. State*, 649 S.W.3d 273, 285 (Tex. App.—Dallas 2022, pet. ref'd) (citing *West v. State*, 554 S.W.3d 234, 239 (Tex. App.—Houston [14th Dist.] 2018, no pet.)). Instead, "remoteness is but one aspect of an offense's probativeness the trial court is to consider along with the other factors in the Rule 403 analysis." *Id.* (citing *West*, 554 S.W.3d at 239–40).

Extraneous offense evidence that the defendant sexually assaulted another child "is relevant to whether the defendant sexually abused the child-complainant in the charged case." *Caston v. State*, 549 S.W.3d 601, 612 (Tex. App.—Houston [1st Dist.] 2017, no pet.). Here, the extraneous offense evidence showed that appellant had sexually assaulted a child, and the State offered it to prove a disputed fact: that appellant engaged in sexual contact with his biological daughter Tanya.[3] *See Castaneda v. State*, No. 14-22-00206-CR, 2023 WL 3743316, at *8 (Tex. App.—Houston [14th Dist.] June 1, 2023, no pet. h.). Tanya was the only eyewitness to the alleged offenses, and there was no

---

[3] We use a pseudonym to protect the minor complainant's identity. *See* TEX. R. APP. P. 9.8 cmt.

other physical evidence to support her accusation. *See Castaneda*, 2023 WL 3743316, at *8; *cf. Gigliobianco*, 210 S.W.3d at 641 (providing that when the proponent has other compelling evidence to establish the fact that the challenged evidence goes to prove, the probative value of the contested evidence weighs far less in the probative versus prejudicial balance). In addition to denying the accusations against him, appellant pursued a defensive theory that Tanya fabricated the accusations against him because he "took her phone away." In his opening statement, appellant told the jury that this case was about "broken trust as to how [Tanya] claims false allegations against [appellant] and how he touched her." Appellant further informed the jury that it would not find Tanya credible. Consequently, Tanya's "credibility was clearly the focal issue in the case." *Belcher v. State*, 474 S.W.3d 840, 848 (Tex. App.—Tyler 2015, no pet.); *see also Lane v. State*, 933 S.W.2d 504, 521 (Tex. Crim. App. 1996) (holding that need for extraneous offense evidence is greatest when the evidence supported an element of a "hotly contested issue").

Furthermore, the age of the child in the previous case was sixteen years old, and the record provides that Tanya's age was twelve or thirteen years old when the offenses occurred. Thus, both children were teenagers, and both charges were for the same offense: indecency with a child. *See Caston*, 549 S.W.3d at 612 (concluding the State had a great need for the extraneous evidence because it was relevant to whether the defendant sexually abused the child in the charged case and also because it rebutted the defendant's defensive theory); *Dies*, 649 S.W.3d at 286 (holding that similarities between

8

the previous sexual abuse and the current sexual allegations strengthen the probative value of the extraneous offense). While evidence of sexual abuse of a child is often considered inherently inflammatory, in this case appellant has not demonstrated how the challenged extraneous offense evidence was any more heinous or inflammatory than the evidence pertaining to the charged offense. *See Robisheaux v. State*, 483 S.W.3d 205, 220 (Tex. App.—Austin 2016, pet. ref'd) (holding any potential to suggest a decision on an improper basis was ameliorated somewhat by the fact that the extraneous offense testimony was "no more serious than the allegations forming the basis for the indictment").

After balancing the Rule 403 factors, we conclude "[t]he trial court did not abuse its discretion in determining that the probative value of the extraneous offense evidence was not substantially outweighed by the danger of unfair prejudice." *Belcher*, 474 S.W.3d at 848. We overrule appellant's first issue.

## II. CONFLICT OF INTEREST

By his second issue, appellant argues he received ineffective assistance of counsel due to the conflict of interest his initially-appointed attorney had as his surety.

An attorney's conflict of interest may result in the denial of a defendant's right to effective assistance of counsel. *Acosta v. State*, 233 S.W.3d 349, 352–53 (Tex. Crim. App. 2007). To prevail on a conflicts-based ineffective-assistance claim, an appellant must show that (1) an actual conflict of interest existed, and (2) the conflict "actually colored counsel's actions during trial." *Odelugo v. State*, 443 S.W.3d 131, 136 (Tex. Crim. App. 2014) (citing *Cuyler v. Sullivan*, 446 U.S. 335 (1980)). "The appellant bears the

9

burden of proof by a preponderance of the evidence . . . to say that if 'no evidence has been presented on the issue' or in the event that 'the evidence relevant to that issue is in perfect equipoise,' the appellant's claim will fail." *Id.* 136–37 (citing *Broxton v. State*, 909 S.W.2d 912, 920 (Tex. Crim. App. 1995) (Clinton, J., dissenting)).

According to appellant, his counsel's conflict of interest resulted in appellant being incarcerated *prior* to trial. However, appellant never raised this issue in the trial court, and it cannot be asserted for the first time now on appeal. *See* TEX. R. APP. P. 33.1(a); *Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012) ("Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped."); *see also Ex parte Garcia*, No. 13-18-00607-CR, 2021 WL 6014664, at *14 (Tex. App.—Corpus Christi–Edinburg Dec. 21, 2021, pet. ref'd) (mem. op., not designated for publication) (holding that the defendant did not raise the conflict-of-interest issue in the trial court, and therefore he could not raise it on appeal for the first time); *Ex parte Martin*, No. 01-17-00025-CR, 2019 WL 2292631, at *12 (Tex. App.—Houston [1st Dist.] May 30, 2019, no pet.) (mem. op., not designated for publication) (overruling the issue of whether his trial counsel had a "conflict of interest" because appellant asserted his issue for the first time on appeal).

Nonetheless, appellant's former counsel withdrew from representing appellant on August 16, 2022, and the trial court appointed a new trial counsel the same day—three months before appellant's jury trial.[4] That is, complained-of counsel did not represent

---

[4] Appellant does not complain about trial counsel's performance.

appellant during trial, and, as a result, appellant is unable to show how his former counsel's alleged conflict of interest "actually colored [another] counsel's actions during trial." *Odelugo*, 443 S.W.3d at 136. Therefore, we overrule appellant's second issue. *See id.*

### III. CONCLUSION

We affirm the judgment of the trial court.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
24th day of August, 2023.